BAN & KARIYA CO. et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4359.   Decided June 5, 1926.   (247 P. 490)

1. MASTER AND SERVANT. Employer's motion to dismiss petition for review of award under Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), supported by affidavit that it is satisfied with order, will be granted.

2. MASTER AND SERVANT—GRANTING OF EMPLOYER'S MOTION TO DISMISS WRIT OF REVIEW OF AWARD DOES NOT DENY TO STATE INSURANCE FUND RIGHT OF REVIEW (COMP. LAWS 1917, §§ 3061-3165). Granting of motion by employer to dismiss writ of review of award under Workmen's Compensation Act, does not deny to state insurance fund right to have award reviewed if it is a party affected thereby and has legal capacity to maintain such proceeding.

3. MASTER AND SERVANT. State insurance fund is not body corporate, public, quasi public, or private.

4. MASTER AND SERVANT. Under Comp. Laws 1917, §§ 3095, 3096, 3098, 3100, 3101, 3105, 3106, 3108, and section 3099, as amended by Laws 1919, c. 63, Industrial Commission is charged with duty of managing and administering state insurance fund.

5. MASTER AND SERVANT—STATE INSURANCE FUND IS NOT INTERESTED PARTY AUTHORIZED TO PETITION FOR REVIEW OF AWARD OF INDUSTRIAL COMMISSION (COMP. LAWS 1917, §§ 3095, 3096, 3098, 3100, 3101, 3105, 3106, 3108, AND SECTION 3099, AS AMENDED BY LAWS 1919, c. 63, AND SECTION 3148, AS AMENDED BY LAWS 1921, c. 67). Under Comp. Laws 1917, §§ 3095, 3096, 3098, 3100, 3101, 3105, 3106, 3108, and section 3099, as amended by Laws 1919, c. 63, state insurance fund is not such a party interested in or affected by award of Industrial Commission as would authorize it to peti-

tion for review thereof, notwithstanding amendment of section 3148 by Laws 1921, c. 67.[1]

FRICK, J., dissenting.

Original petition by the Ban & Kariya Company and the State Insurance Fund for review of an order of the Industrial Commission of Utah, granting an award to Mrs. Teruna Kariya for herself and as guardian of Sachiko Kariya and others, claimants. On motion of the Ban & Kariya Company to dismiss the petition so far as it was concerned, and on claimant's motion to quash the writ of review.

MOTION TO DISMISS and MOTION TO QUASH GRANTED, and PETITION DISMISSED.

*Bagley, Judd & Ray,* of Salt Lake City, for State Insurance Fund.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for the Commission.

*C. R. Hollingsworth,* of Ogden, for Mrs. Kariya.

GIDEON, C. J.

A review is sought by this proceeding of an award of the Industrial Commission.

Rinjiro Kariya was accidentally killed while in the course of his employment in Weber county, this state, on December 23, 1923. At the time the deceased was an employee of Ban & Kariya Company, a Utah corporation hereinafter desig-

---

[1] *State Insurance Fund* v. *Industrial Commission,* 61 Utah, 579, 217 P. 249, distinguished.

Corpus Juris-Cyc. References:

[1]  Workmen's Compensation Acts C. J. p. 125 n. 70 New.
[2]  Workmen's Compensation Acts C. J. p. 125 n. 70 New.
[3]  Workmen's Compensation Acts C. J. p. 145 n. 55.
[4]  Workmen's Compensation Acts C. J. p. 145 n. 55.
[5]  Workmen's Compensation Acts C. J. p. 120 n. 16.

nated employer. The employer was subject to the Workmen's Compensation Act of Utah, and had a policy of insurance from the Industrial Commission whereby its employees were entitled to workmen's compensation insurance with the state insurance fund. Such proceedings were had before the Industrial Commission that on November 9, 1925, the commission, by its order, directed compensation to be paid by Ban & Kariya Company or the state insurance fund to the widow of deceased and three minor children. On December 7, 1925, a petition for review of the commission's award was filed with the clerk of this court and writ issued. The caption of the petition is: "Ban & Kariya Company, a Corporation, and the State Insurance Fund, Petitioners, v. Industrial Commission of Utah and Mrs. Teruna Kariya, for Herself and as Guardian of Three Minor Children, Sachiko Kariya, Mitsuru Kariya, and Mimito Kariya." The petition is signed by "Bagley, Judd & Ray, Attorneys for Petitioners." Thereafter the employer filed its motion to dismiss the petition for review so far as it is concerned (a) because the employer did not authorize the filing of the petition for review and did not employ counsel to file said petition; and (b) because the employer is satisfied with the award of compensation made by said commission and payable from the state insurance fund. The motion to dismiss is supported by the affidavit of one Utaro Kariya, vice president and general manager of the employer company.

The widow and minor children have interposed a motion to quash the writ of review upon the grounds that the petition does not state facts sufficient to entitle petitioners, or either of them, to a review of the proceedings before the Industrial Commission or a review of the award made; and, further, that the state insurance fund has not legal capacity to make such petition or to have reviewed by this court the award of compensation made.

Nothing is found in the record contradicting the affidavit in support of the motion to dismiss the petition for review on behalf of the employer. The order of the commission is

directed against both the employer and the state insurance fund. It definitely appears from the motion on behalf of the employer and the affidavit made by its vice president that the employer is satisfied with the order of the commission as made. Apparently, no good reason therefore exists why this motion should not be granted. The motion is therefore granted, and the petition for review made on behalf of the employer dismissed.

The attorneys who prepared and presented the petition for review were employed by Mr. Charles Caine, designated the manager of the state insurance fund. The petition is in the usual form of petitions filed in this court for review of awards made by the Industrial Commission payable from the state insurance fund. It has been the uniform custom to couple the employer with the State Insurance Fund in petitions filed in this court for review of awards wherein the award was to be paid by the state insurance fund. The attorneys make no claim or pretension of appearing as attorneys for anyone except the state insurance fund. No criticism, therefore, can or should be made of the attorneys who appear in the petition as attorneys for petitioners.

The motion to dismiss the writ of review on behalf of the employer and the granting of that motion can in no way deny to the state insurance fund the right to have the award of the commission reviewed if the state insurance fund is a "party affected thereby" and has the legal capacity to maintain this proceeding. It may be conceded that if the state insurance fund is a party to the proceeding before the commission it is and would be affected by the award made by the commission in this case. Whether the so named state insurance fund is in reality a party or can be authorized to complain of the award made by the commission is the serious question presented by this record.

The state insurance fund is not a body corporate, public, quasipublic, or private. Can it be said to have any legal existence as a distinct entity independent of and not as a part of the industrial commission? The sec-

tions of our statutes creating the state insurance fund in no way attempted to clothe such fund with any right distinct, independent or separate from the Industrial Commission. It is not authorized to sue or be sued. It is not clothed with any power to contract or be contracted with. The policies or contracts of insurance issued to the employers are not made by or with the fund, but are made by and with the Industrial Commission. The rate of premiums to be paid by the employers insured in the state insurance fund are fixed by the commission.

Comp. Laws Utah 1917, § 3095, being one of the sections of the Workmen's Compensation Act, provides:

"There is hereby created a fund, to be known as the state insurance fund, for the purpose of insuring employers against liability for compensation under this title, and of assuring to the persons entitled thereto the compensation provided by this title.   *   *   *   Such fund shall be administered by the commission without liability on the part of the state beyond the amount of such fund. Such fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of compensation and of expenses in the manner provided in this title."

Section 3096 of the same compilation is:

"It shall be the duty of the commission to conduct the business of the state insurance fund, and it is hereby vested with full authority over the said fund, and may do any and all things which are necessary or convenient in the administration thereof, or in connection with the insurance business to be carried on by it under the provisions of this title."

Section 3098 is:

"The commission may, in its official name, sue and be sued in all the courts of the state, in all actions or proceedings arising out of anything done or suffered in connection with the state insurance fund or business relating thereto.   *   *   *

Section 3099, as amended by Laws Utah 1919, c. 63, provides:

"The commission may, in its official name, make contracts of insurance as herein provided and such other contracts relating to the

state insurance fund as are authorized or permitted under the provisions of this act. * * *"

Section 3100 authorized the commission to act through proper deputies and to delegate to such deputies such powers as it deems necessary or convenient. Among the powers authorized to be delegated is the right to enter into contracts of insurance, to make agreements for the settlement of claims for compensation against said fund and, also, to determine to whom and through whom payments of such compensation shall be made. Power may also be given its deputies to contract with physicians, surgeons and hospitals for medical and surgical treatment, etc.

It is provided in section 3101 that:

"Every employer insuring in the state insurance fund shall receive from the commission a contract or policy of insurance in a form to be approved by the state commission."

It is provided in section 3105 that the commission shall "adopt rules and regulations with respect to the collection, maintenance, and disbursement of the state insurance fund."

Section 3106 provides:

"The state treasurer shall be the custodian of the state insurance fund, and all disbursements therefrom shall be paid by him upon vouchers authorized by the Industrial Commission of Utah and signed by a member of the commission and the secretary thereof."

Under the provisions of section 3108 the commission is given power to invest any of the surplus or reserve belonging to the state insurance fund. The securities are designated in which such fund may be invested.

The statutes above quoted and referred to contain all of the provisions of the Workmen's Compensation Act relating to the creation, management, and control of the state insurance fund. It clearly appears from these sections that the Industrial Commission is charged with the duty of managing and administering this fund.

It is provided in section 3100 that the commission may delegate its powers to a deputy or deputies. Nevertheless, the acts of this deputy or these deputies are merely the acts of an agent or agents of the commission, and, outside of the powers granted, they have no right or authority to control or administer the fund or to bind the fund or the commission in any way respecting the fund.

The Industrial Commission having control and management of that fund as provided in the sections quoted and referred to, it would be both unusual and illogical for a mere department or an agency of the commission to deny the commission authority to make any award payable from the fund, and to have that order of the commission reviewed at the instigation and on behalf of such agency. The most that can be said of the state insurance fund is that it is an arm or department of the machinery set up by the Workmen's Compensation Act, the administration of which is given to the Industrial Commission.

The Legislature of 1921 (Laws 1921, c. 67), amended section 3148 of the Workmen's Compensation Act. The same section had been amended by the Legislature of 1919 (Laws 1919, c. 63). In the amendment of 1921 it is provided that:

"Within thirty days after the rendition of the decision on the rehearing, any party affected thereby including the state insurance fund, may apply to the Supreme Court of this state for a writ of certiorari or review  *  *  *  for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined."

That amendment is relied upon as authority for the state insurance fund to petition this court for a review of the order made by the commission affecting the fund. The effort of the Legislature by the amendment of 1921 to give the state insurance fund the right to appear as a party to have an award of the Commission reviewed must be held to be nugatory and of no effect. We have endeavored to point out that the Legislature has in no way attempted to make, nor has it made, the state insurance fund an independent entity

disassociated from the Industrial Commission. The fund is not given any of the powers usually provided or deemed necessary for the functioning of a body corporate. In other words, the state insurance fund as a legal entity has no existence. The very statute providing for the fund gives the administration of it to the Industrial Commission. No intimation is found in the Workmen's Compensation Act anywhere that any one save the Industrial Commission has any power or right to control the distribution of the fund or direct in what manner it shall be invested or appropriated. It may be, and it is, desirable that some one interested in the state insurance fund, or some one "affected by" the awards of the commission payable from the fund, should have the legal right to have the award reviewed by this court; nevertheless it clearly appears that the Legislature by the 1921 amendment did not make of the state insurance fund a body corporate or otherwise empower or authorize it to become a party to any litigation. Any proceeding affecting the state insurance fund must be prosecuted or defended by the commission, the administrator of the fund, or by some one who can be said to have an interest in the fund or be affected by any order made concerning the fund. It is not necessary or desirable to here determine who is or may be a party interested in or affected by an award payable from the state insurance fund. We are only determining that the state insurance fund is not such a party.

Other actions for review have been instituted in this court wherein the state insurance fund was named as one of the petitioners. In each of those cases, with one exception, the state insurance fund was joined as a petitioner with some one legally entitled to maintain the action for review. In *State Insurance Fund* v. *Industrial Comm.*, 61 Utah, 579, 217 P. 249, the state insurance fund appeared as a lone petitioner. The petition in that matter was dismissed on other grounds, and the cause was not considered upon merits. The question involved in this proceeding was not considered. In none of the applications for writs of review

wherein the state insurance fund was named as one of the petitioners was the question here presented argued, or considered by the court.

The motion of the employer to dismiss the proceeding on its behalf having been granted, and it having been determined that the state insurance fund has no legal right to maintain this action for review, it necessarily follows that the motion of the defendants, widow and minor children, to quash the writ of review and dismiss the petition must be granted. Such is the order.

THURMAN, CHERRY, and STRAUP, JJ., concur.

FRICK, J.

I am unable to concur in either the reasoning or the conclusions of the CHIEF JUSTICE. I shall endeavor to state the reasons that impel me to dissent, as briefly as possible:

The application for a writ of review in this case was made within the time provided by our statute. The application is regular upon its face, the commission as well as the employer being made parties thereto, and hence this court acquired jurisdiction of the proceeding. In view of that a motion to dismiss, in my judgment, is not permissible. I can, however, imagine a case where a motion to affirm the award might be proper, or where, as in the case of *Heladakis* v. *Ind. Comm.*, decided at this term and not yet reported, it is found that this court is without jurisdiction, a motion to dismiss would be proper. Where, however, this court has jurisdiction of the proceeding, then, as I view the statute, we must either affirm or annul the award.

Our statute is quite clear as to that. Comp. Laws Utah 1917, § 3148, subds. (a) and (b), as amended by chapter 67, Laws Utah 1921, reads as follows:

"(a) Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby including the state insurance fund, may apply to the Supreme Court

of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined.

"(b) Such writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record, which shall include all the proceedings and the evidence taken in the case, to the court. On the return day the cause shall be heard in the court unless for good cause the same be continued. No new or additional evidence may be introduced in such court, but the cause shall be heard on the record to the commission as certified to by it. The review shall not be extended further than to determine whether or not: 1. The commission acted without or in excess of its powers. 2. If findings of fact are made, whether or not such findings of fact support the award under review."

Subdivision (d), so far as material here, further provides:

"(d)   *  *  *   No court of this state (except the Supreme Court) shall have jurisdiction to review, reverse, or annul any award of the commission, or to suspend or delay the operation or execution thereof; provided that a writ of mandamus shall lie from the Supreme Court in all proper cases."

It is quite true that the statute invests the commission "with full authority over the said [insurance] fund," and that it "may do any and all things which are necessary or convenient in the administration thereof or in connection with the insurance business to be carried on.   *   *   *" Comp. Laws Utah 1917, § 3096, as amended by chapter 44, Laws Utah 1923. In the prevailing opinion it is, however, held that the commission and no one else is authorized to complain in case the fund is being illegally assailed or adversely affected. The statute is directly to the contrary.

In subdivision (a) of section 3148, supra, it is expressly provided:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on rehearing, any party affected thereby" by the decision *"including the state insurance fund,* may apply to the Supreme Court of this state for a writ of certiorari or review   *   *   *   for the

purpose of having the *lawfulness of the original award or the award on rehearing inquired into and determined.*" (Italics mine.)

It is however insisted that because there is no express provision found in the industrial act whereby the insurance fund is authorized to sue or be sued, therefore the provision authorizing the insurance fund to apply to this court for a review of the decision of the commission is a nullity. In my judgment it was not necessary to go to that extent. No one will, I think, contend that the insurance fund, as such, could, without some intelligent agent or agency doing so for it, appear in any court or defend itself or any one else. To do that would be legally impossible. Moreover, the insurance fund, as such, neither has nor can have any interest to subserve. The interest always belongs to some person or persons who are interested in the fund. The insurance fund may, however, be used as a means to an end, and a proceeding in its name no doubt may be instituted by any person directly interested therein. That is manifestly the purpose of the statute. Indeed, that in effect is just what the statute says. True it is that the commission is made the administrator and guardian of the insurance fund, and hence is given full power and authority to administer and to protect it. Let us assume, however, as is the case here, that the Commission has made an award and has ordered that the same be paid out of the insurance fund. In doing that the commission necessarily was required to determine for itself, and did determine, whether the award was lawful and that it could legally be paid out of the insurance fund. After having determined that, can it also be assumed that the commission will in one breath declare the award lawful and legally payable out of the insurance fund and in the next breath assail its own action in this court as being unlawful? Manifestly not. Moreover, the commission cannot sue itself, nor can it ask for a writ of review to review its own action. Such never was contemplated by the industrial act. In view of that the Legislature acted wisely in amending section 3148 as was done in chapter 67, Laws of Utah 1921, so as to pre-

serve the legal rights of all who are interested in the insurance fund.

True, the Legislature failed to point out the procedure in explicit terms. That, however, is not a fatal omission. The jurisdiction or power to review the lawfulness of any award made by the commission is clearly conferred upon this court, and is as clearly withheld from all other courts. Then it is just as clear that this court is required to review the lawfulness of any award made by the commission at the instance or request of any one interested in the insurance fund, and, in order that it may be done speedily and expeditiously and without any unnecessary delay, any person who may be affected adversely by an award because of its alleged unlawfulness may in the same proceeding inform this court why the award is unlawful, and his application may be made in the name of the insurance fund. As before pointed out, being vested with jurisdiction and power to review the lawfulness of the award, and through the application becoming invested with jurisdiction of the proceeding, this court is required to proceed to a review of the lawfulness or unlawfulness of the award and declare it lawful or unlawful in accordance with its conclusions.

As already suggested, the mere fact that the Legislature in amending section 3148 did not prescribe a full and specific mode of procedure is wholly immaterial. We have a statute which is intended to remedy all of such defects where, as here, jurisdiction has been conferred upon the court. Comp. Laws Utah 1917, § 1813, provides:

"When jurisdiction is, by statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the statute or of the Codes of Procedure."

That statute is all-inclusive, and confers full authority to proceed by any known method of procedure.

Moreover, it is the duty of this court to uphold legislative enactments and to make them effective rather than to strike

them down merely because they may be somewhat crude and imperfect.

Recurring now to the facts and circumstances of this proceeding, we find that the commission first found that the deceased left no dependents, and made an award by which the employer was required to pay a specific sum into the special fund for the benefit of those employees who are permanently disabled from earning a livelihood. Thereafter, however, it made further findings wherein it found that the deceased employee left surviving dependents, and set aside the former award and made another in favor of the dependents aforesaid, who reside in a foreign land. The commission further found that the employer was a contributor to the insurance fund and was insured therein, and ordered that the award be paid out of that fund. In that state of the proceeding the application for a writ of review was made to this court in the name of the employer and in the name of insurance fund against the Industrial Commission and the dependents of the deceased employee. The commission was thus a party to the proceeding, and the writ as usual was directed to it. After the writ was duly issued and the proceedings before the commission were certified to this court, the employer made a motion to quash the writ and also moved to dismiss the proceeding. So far as it was concerned it no doubt had a right to refuse to assail the award and to ask that it be permitted to stand, or, in other words, that it be affirmed. The employer had no right, however, to move to quash the writ or to dismiss the proceeding merely because it was satisfied with the award. It can readily be understood why the employer may be interested in the injured employee or in the dependents and may thus desire to favor them and to have the award paid out of the insurance fund rather than to pay anything into the special fund for the benefit of the permanently disabled employees for whose special benefit the fund was created. It may also readily be perceived that one in the name of the insurance fund may contend that the award is unlawful and that payment

out of said fund is therefore unauthorized. He, however, may show no interest in the fund. No doubt any employer who is subject to the industrial act, and who pays the premium required of him by the commission into the insurance fund, and who obtains a certificate or policy of insurance and in case of an injury to or death of one of his employees is entitled to have the amount of compensation payable to the injured employee, or, in case of his death, to his dependents, paid out of the insurance fund, is manifestly interested in that fund. Precisely so is one of those unfortunate permanently disabled employees for whose benefit the special fund was created and which is a part of the insurance fund. If, therefore, the commission orders an award paid out of the insurance fund which is not authorized by law, every contributor to that fund is in some substantial degree injured because the contributors to the fund by their contributions or so-called premiums must maintain the fund to the end that all claims by injured employees or their dependents may be met. If, therefore, unlawful claims are paid out of the fund the rate of premiums must necessarily be raised to the extent of such demands, and therefore any contributor· may question the lawfulness of any award either in whole or in part. Nor is it necessary under the statute that he contest the original application for compensation. He may assume that the commission will comply with the law. Indeed, in case an award is merely excessive and not wholly illegal, no one can complain until after the award is made and announced. The employee who is permanently disabled and who is interested in having the insurance fund maintained is likewise interested not to have the fund depleted by any award which is either wholly or partially unauthorized by law. As a matter of course the degree or extent of the interest so long as it is a substantial one is not material. Therefore either the contributing employer or the permanently disabled employee may in the name of the insurance fund question the lawfulness of the award. Such is the manifest purpose of the statute, and, in view that it must be done in

the same proceeding and within the time provided by statute, no one can be injured and no one can complain. If, however, the opinion as now written shall prevail to the effect that no one can defend an assault upon the insurance fund except the commission, the fund must necessarily go undefended in every instance where, as here, the commission has made an award payable out of that fund. As before pointed out the commission has then already passed upon the lawfulness of the award, and hence even if it were possible for it in its own name to assail itself in this court it would not do so, and the fund would not and could not have any defender.

In this connection it may not be out of place to suggest that even in the absence of the enabling statute it would not be irregular to permit an interested party to question the unlawfulness of an award. The mere fact that the commission is made the administrator and guardian thereof certainly cannot prevent one who is interested in it from defending it. There are many instances where those who are charged with the administration of an estate or a fund who by reason of some act of theirs become adversely interested or have by their conduct become improper persons to defend the rights of the interested parties. A familiar instance of that kind which frequently occurs arises where the directors and officers of a corporation who are charged with the duty of managing its affairs and to protect its rights and the rights of the stockholders by reason of their acts and conduct become disqualified from acting. In such event any stockholder or creditor who is interested may in the name of the corporation obtain the proper relief in a court of justice. Other instances readily suggest themselves to the reader which need not be specially mentioned. The mere fact, therefore, that the commission is made administrator and guardian of the fund is no obstacle in the way of any one who is interested therein to defend it. The difficulty that presents itself in this case, however, is that the attorneys who claim to appear in the name of the insurance fund and who assail the lawfulness of the award have shown no interest in the

fund whatever. Having no interest they cannot be affected by the award, and hence cannot question it. As before stated, while the extent or degree of interest is not material, yet there must at least be some substantial interest, or the party complaining here has and can have no standing in this court. In view, therefore, that the employer does not assail the lawfulness of the award, and in view that there is no one who is interested in the insurance fund and hence has the right to question the lawfulness of the award, is here complaining, the award should be affirmed. In that respect this case, however, does not differ from any other case where no good reason is made to appear why an award of the commission should not be affirmed.

No valid cause being shown wherein the award is not lawful, it necesarily follows that it should be affirmed, with costs.