297 P.2d 230

**Edward Lee HOLLAND, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH and Columbia-Geneva Steel Division, United States Steel Corporation, Defendants.**

No. 8412.

Supreme Court of Utah.

May 21, 1956.

Gordon Hoxsie, Dragerton, Marl D. Gibson, Henry Ruggeri, Price, Dean E. Flanders, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., Dickson, Ellis, Parson & McCrea, A. D. Moffat, Salt Lake City, for respondent.

WADE, Justice.

Appeal from a decision of the Industrial Commission denying an award for injuries claimed to have been sustained by plaintiff on July 6, 1954, during the course of his employment at the Geneva Coal Mine of defendant Columbia-Geneva Steel Division, United States Steel Corporation.

The Commission denied the award on the ground that from the entire record it found that plaintiff's ailment, a ruptured disc, was not the result of an industrial accident. The evidence disclosed that although plaintiff fell from a bench while trying to prevent a damaged stoper machine from falling on a fellow workman, upon being asked by the foreman if he were hurt replied that he was merely shaken up a little and refused to go to the hospital as suggested by the foreman. He continued to work a few weeks when he consulted a doctor of the United Mine Workers Welfare Fund about pains he was experienc-

106

ing in his legs. About a week after consulting this doctor he was admitted to the hospital. The hospital records do not show that plaintiff claimed his ailments were due to an industrial accident. Had plaintiff claimed that his ailments were caused by an industrial accident the Welfare Fund physician who works in the same hospital as the industrial surgeon for defendant would in all probability have referred him to that physician since the Welfare Fund is not anxious to increase its burden with industrial cases. Although plaintiff testified that he did inform the Welfare Fund physician at one time that he hurt his back in the accident, this was not corroborated by the hospital records or any other evidence and the Commission was not obliged to believe this testimony. Smith v. Industrial Commission, 104 Utah 318, 140 P.2d 314. This being so this court cannot say as a matter of law that it was unreasonable for the Commission to have found as a fact from all the evidence before it, that plaintiff's ailment was not caused by an accident and since the Commission's findings are binding on this court unless it can be shown as a matter of law that they are so unreasonable as to be arbitrary or capricious, this court cannot do otherwise than affirm its decision.

Affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.