334 P.2d 763

**Sherman S. DALTON, Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION of Utah, Wayne Rasmussen Company, and Guarantee Insurance Company, Defendants.**

**No. 8943.**

Supreme Court of Utah.

Jan. 30, 1959.

John L. Black, Salt Lake City, for plaintiff.

E. R. Callister, Atty. Gen., Ray, Quinney & Nebeker, Grant Aadnesen, Stephen B. Nebeker, Salt Lake City, for defendants.

WADE, Justice.

■ This is a review of a denial by the Industrial Commission on a rehearing of a claim for benefits under the Workmen's Compensation Statutes, U.C.A.1953, 35–1–1 et seq., for injuries received by plaintiff while transporting a car from Rock Springs, Wyoming to Ogden, Utah for the Wayne Rasmussen Company. The accident occurred when the automobile which plaintiff was driving went out of control and off the road on an icy portion of Highway 30S about eight miles west of Evanston, Wyoming, on February 13, 1955, resulting in severe injuries to plaintiff.

At the original hearing of this matter plaintiff introduced evidence that at the time of the accident he and his partner, John Porter, leased the back portion of the Wayne Rasmussen Company building for an automobile repair and maintenance business. Although the partnership did a lot of work in servicing cars for the Wayne Rasmussen Company their business was no part of the Rasmussen business. That company was in the business of selling new and used cars. Both for the purpose of purchasing and transporting used cars from places distant from its place of business in Ogden, Utah, the Wayne Rasmussen Company customarily used regular employees but in its bookkeeping system charged the extra amounts these employees were paid for transporting the cars to the cost of the cars. On some occasions it hired people who were not its regular employees to transport such cars. On such occasions it also in its bookkeeping system charged the amounts paid these people to the cost of the cars.

On February 11, 1955, plaintiff was approached by the man in charge of purchasing used cars for the Wayne Rasmussen Company and asked if he and his partner would be willing to go to Rock Springs and bring back two cars. It was agreed that they were to receive $25 for this service out of which amount they paid the bus fare to Rock Springs which amounted to about $5 for the two tickets. All expenses for oil, gas or any emergency repairs were to be paid by the company.

The Commission adopted the recommended findings of fact of its Hearing Commissioner that plaintiff left on the bus and picked up the cars according to instructions of the company's agent. That it was the usual procedure for the company to send its full time salesman to transport used cars to its place of business and that this type of work was not casual or unusual for the company and that the $25 less the amount of bus fares was paid as wages for the work for that day, and that

plaintiff's share for that day amounted to at least $9.50.

On the rehearing of this matter, at which no new evidence on the status of plaintiff as an employee was taken, the Commission decided that "[T]he $25.00 paid to applicant and his partner, was, we believe, expense money rather than wages. In all respects, this case is on all fours with the Oberhansly case. Therefore, we hold that Oberhansly v. Travelers Insurance Co., 5 Utah 2d 15, 295 P.2d 1093, is controlling." Because of this belief the Commission concluded that plaintiff was not an employee and must therefore be either a volunteer or an independent contractor.

In the Oberhansly v. Travelers Insurance Co. case the court as trier of the facts found from uncontradicted evidence that the plaintiff in that case had as a favor to a brother taken a trip to return some cars but had insisted that he be paid his expenses and was given $10 for such expenses and that he was not an employee of the company involved. We affirmed the court's finding because it was not unreasonable for it to have found that the plaintiff in that case was not an "employee" in the ordinary meaning of that term or under the Workmen's Compensation Act, since it was clear that neither the company nor the plaintiff understood that plaintiff was being hired to drive a car, but rather that all the parties considered his driving as a voluntary accommodation. There was no agreement to pay wages or salary. In the instant case these facts are not clear. In fact there is no evidence from which it could reasonably be found that plaintiff volunteered to take the trip and drive back a car for no remuneration. Neither the plaintiff nor the company's representative so testified. There was no evidence of any relationship between the parties to make such a conclusion reasonable. On the contrary the evidence was clear that the $25 less the price of the bus tickets was to be compensation for the job.

In view of the fact the Commission's conclusions in this case were due to its laboring under a misapprehension as to the holding of this court in the Oberhansly case, the award must be vacated. We appreciate that the Commission has the prerogative of making the determination of facts which will not be disturbed in the absence of capricious or arbitrary action. However, due to the fact that on the rehearing no new evidence was presented, a complete about face would be so inconsistent as to compel us to reverse the second order.

CROCKETT, C. J., and WORTHEN, HENRIOD and McDONOUGH, JJ., concur.