362 P.2d 752

**JOHN G. HENDRIE COMPANY, Inc., a corporation, Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION of Utah, Lauretta M. Gladden, widow, and Louise Gladden for and behalf of Darlene Louise Gladden, minor child of Clarence Roland Gladden, deceased, Defendants.**

No. 9368.

Supreme Court of Utah.

June 19, 1961.

---

Young, Thatcher & Glasmann, Ogden, Fugate, May, Mitchem & McGinley, Colorado Springs, Colo., for plaintiff.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., Leland S. McCullough, John Beaslin, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of an Industrial Commission award. Affirmed. No costs awarded.

■ Plaintiff, a foreign corporation was constructing a swimming pool at Clearfield, Utah, and employed the deceased on the project, without providing workmen's insurance protection as required. A trench was being dug alongside the pool for piping. One Smith, plaintiff's construction superintendent, testified that he told deceased to go home for lack of work and had warned and ordered the deceased not to enter the trench. This testimony was corroborated by two employees on the job. On the night of the death, Smith and one of the employees, at the request of friends of the Gladdens, went to the latters' home. The widow testified that Smith said he was sorry about the accident and he should not have sent the deceased into the ditch. This Smith denied saying. Other conversation was had, but the crux of the matter, in our opinion, is whether the Commission believed the applicant's witnesses who recited what Smith had said on the evening in question, or the testimony of Smith and his two witnesses. The Commission chose the former and said so in its order. The gratuitous references in the order about presumptions were uncontrolling and unassigned as the basic reason for the decision, —that of believing the facts as related by the applicant widow and her witnesses. This is a prerogative reserved to the Commission,[1] with which we do not interfere short of arbitrary action not based on com-

1. Title 35-1-85, Utah Code Annotated 1953, and annotations thereunder; J. B. and R. E. Walker, Inc. v. Ind. Comm., 7 Utah 2d 132, 320 P.2d 650; Dalton v. Ind. Comm., 8 Utah 2d 353, 334 P.2d 763.

2. Holland v. Ind. Comm., 5 Utah 2d 105, 297 P.2d 230.

petent, believable evidence.[2] An examination of the record reasonably supports the conclusion of the Commission, on competent, believable testimony.

Plaintiff earnestly urges that 1) there was a presumption that the deceased was not ordered back into the trench; 2) that there is no presumption he would not have entered the same unless ordered to do so; 3) that any evidence adduced relating to Smith's admissions did not bind plaintiff and was hearsay; and 4) that the evidence does not support the award,—all of which has to do with the plaintiff's contention that the deceased was not killed in the course of his employment.

As to 1) and 2): The Commission volunteered in its order that it would presume that the deceased would not have entered the ditch unless ordered to do so. Plaintiff counters that the antithesis is true. We do not deem the gratuitous recitation of this so-called presumption by the Commission and its refutation by plaintiff to be pertinent in this case in view of the basic reason for the conclusion of the Commission, which clearly was because: "The Commission chooses to believe the testimony of the 3 witnesses for applicant. Therefore, we find that deceased did not disobey the order of the superintendent, Mr. Smith, and that he did not depart from his employment. Therefore we further find that the accident arose out of the employment of deceased."

As to 3): The plaintiff is a foreign corporation and was constructing the swimming pool in Utah, by its alter ego, Smith, the construction superintendent. The record indicates that he was the top employee of the company here and he appears to have had plenary power to act for it. We cannot say that he was acting without the scope of authority in attending to an inquiry, whether at the request of the Gladdens or anyone else, where responsibility of his company may or may not be involved. Moreover, plaintiff's claim that any statements he may have made were hearsay and therefore inadmissible in evidence, implying that, being thus, the Commission could not base an award solely on hearsay,[3] is not with merit. Smith was present at the conversation with the widow and the others, and being an authorized agent of the plaintiff, such statements as he may have made certainly would not be hearsay, connoting a situation where a statement is made by one to prove the fact mentioned, where the declarant is not subject to cross-examination;[4] neither would the statements of applicant's witnesses be hearsay since all were present at the con-

3. Ogden Iron Works v. Ind. Comm., 102 Utah 492, 132 P.2d 376.

4. 20 Am.Jur. 400, Evidence, Sec. 452.

versation and at the hearing and available for cross-examination.

As to 4) : We believe there was sufficient evidence to support the award.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in result.