387 P.2d 689

**Louis W. COOPER, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah, Marcus Plumbing and Heating, and The State Insurance Fund, Defendants.**

**No. 9931.**

Supreme Court of Utah.

Dec. 27, 1963.

2. See Continental Bank & Trust Co. v. Stewart, 4 Utah 2d 228, 291 P.2d 890.

Robert C. Cummings, Stone & Flangas, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Charles Welch, Jr., Salt Lake City, for defendants.

CROCKETT, Justice.

Louis W. Cooper seeks reversal of an order by the Industrial Commission denying workmen's compensation.

On November 21, 1961, Mr. Cooper was working as a laborer for Marcus W. Johnson Plumbing and Heating Company at Moab, Utah. His duties involved the handling and laying sewer pipe. Because the hoist usually used for handling heavy pipe could not reach one particular length, plaintiff was helping to lift one end of a 250-pound pipe when he got a "catch" in his back. He mentioned this to two fellow workers and complained of pain in the groin area. But he did not say anything to his foreman, who was working nearby. He continued to work until the Thanksgiving holidays. Upon returning to work after the holiday period and working a few days he again injured himself, this time in guiding (not lifting) a pipe into place. He stated that this injury did not seem serious to him at the time, but when he got home after work he discovered that his right testicle had drawn up into his abdomen. The next morning he was swollen in the injured area and so stiff and sore that he could not get out of bed.

The foreman visited him to see why he had not reported for work. When plaintiff told him about the strain the foreman advised him to see a doctor. The doctor's examination on about November 30, 1961,

indicated that he had suffered a slight hernia and back strain.

The State Insurance Fund denied liability for plaintiff's claim, and he applied for a hearing before the Industrial Commission. The notice of hearing sent to the plaintiff indicated: "No Medical Testimony Allowed at this Hearing"; and the plaintiff did not bring any doctor to testify in his behalf. However, two medical reports were submitted which substantiated his statement as to hernia. Testimony was also given by the foreman and a fellow employee, neither of whom were the men who were helping him lift the pipe. The plaintiff charges that his rights were prejudiced by the statement "No Medical Testimony Allowed" because he understood it to preclude his offering such testimony.

■ It is an elemental principle of justice that a party seeking adjudication of his rights should be neither prevented nor dissuaded from presenting any evidence he desires which is competent and material to the issues. The injury complained of, which concerns in part the internal anatomy, and where numerous causative factors may be involved, is one respecting which medical testimony might be particularly valuable in determining whether plaintiff's hernia resulted from an accident arising out of or in the course of his employment. See Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643.

The cause is remanded for a hearing and determination upon all available competent evidence bearing on that issue.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.