391 P.2d 838

**Gary Wayne HARLAN, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah and Garrett Freightlines and Truck Insurance Exchange, Defendants.**

**No. 10026.**

Supreme Court of Utah.

May 8, 1964.

Cotro-Manes & Cotro-Manes, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., C. N. Ottosen, Salt Lake City, for defendants.

McDONOUGH, Justice.

This is a petition to review an order of the Industrial Commission adverse to plaintiff. At the hearing, the referee found that the condition complained of was due to a pre-existing back condition, and that it did not arise out of plaintiff's course of employment.

On November 19, 1962, plaintiff filed a claim with the Industrial Commission alleging that on September 26, 1962, he sustained an injury arising out of or in the course of his employment while employed by Garrett Freightlines, Inc. He claimed, in substance, that while pulling on a cable,

weighing between 1500 and 2000 pounds, trying to unload it from a truck, he bent over too far and pulled too hard, rupturing a disk in the lumbar region of his back.

The hearing was noticed up: "NO MEDICAL TESTIMONY ALLOWED AT THIS HEARING." Therefore, only the applicant and two fellow dock workers testified on the plaintiff's behalf; and three witnesses, two of whom were not present at the time of the accident, testified that they were either not told of the accident, or that they didn't notice any difference in his behavior after the accident. Evidence was adduced that plaintiff had suffered a back injury approximately one year prior to the accident of September, 1962.

In his petition for rehearing plaintiff supplied affidavits from two treating physicians to the effect that plaintiff was asymptomatic of the previous injury; that he could not have done the type of work he did if the old injury had bothered him; and that he could not have been able to obtain such a job if an injury of the degree sustained by plaintiff had persisted from November, 1961.

Plaintiff avers that the Industrial Commission, by refusing to allow the medical testimony at the hearing, acted without the scope and in excess of its powers, and that the medical testimony would have shown that the injury did in fact arise from the accident in question.

In the case of Cooper v. Industrial Commission, 15 Utah 2d 91, 387 P.2d 689 (1963), whose facts were substantially like the present case, we held:

"It is an elemental principle of justice that a party seeking adjudication of his rights should be neither prevented nor dissuaded from presenting any evidence he desires which is competent and material to the issues. The injury complained of, which concerns in part the internal anatomy, and where numerous causative factors may be involved, is one respecting which medical testimony might be particularly valuable in determining whether plaintiff's hernia resulted from an accident arising out of or in the course of his employment."

The same reasoning applies to the facts of this case. For the Commission to deny the right to put on medical testimony where an injury to the lumbar spine is involved is a denial of a substantial right to which plaintiff was entitled.

The order of the Commission is reversed and the case remanded for proceedings consonant with this decision.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.