399 P.2d 204

Ruth B. GRIFFITH, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah,
Jack Wolfe's Outdoor Sports, and The
State Insurance Fund, Defendants.

No. 10126.

Supreme Court of Utah.

Feb. 18, 1965.

Gayle Dean Hunt, Salt Lake City, for
plaintiff.

A. Pratt Kesler, Atty. Gen., Charles
Welch, Jr., Salt Lake City, for defendants.

McDONOUGH, Justice:

This is a petition to review an order of the Industrial Commission adverse to plaintiff. At the hearing the referee refused to allow medical testimony and found that applicant failed to produce competent testimony that her ailments complained of were related to the plyboard incident.

On November 7, 1963, plaintiff filed a claim with the Industrial Commission, alleging that on April 13, 1962, she sustained an injury arising out of or in the course of her employment while employed by Jack Wolfe's Outdoor Sports. She claimed that she slipped on a plywood board placed on a stairway to be used as a mail or package chute. Wolfe requested the C.O.D. book, and plaintiff, who was at the top of the stairs, moved downward on the plywood with the book. She wore shoes without rubber soles. She slipped, causing one leg to kick into the air. By grabbing the railing, she caught her balance and did not fall down. Two weeks later she commenced a series of office calls, over a duration of two years, to various chiropractors and medical physicians.

The Industrial Commission's hearing on December 26, 1963, was noticed up: "NO MEDICAL TESTIMONY ALLOWED AT THIS HEARING." Plaintiff appeared alone unaided by witnesses or counsel. The referee concluded that "The total failure of applicant to produce competent testi-mony that her physical ailments are related to the plyboard incident compels the Commission to deny the claim." The denial of the claim was mailed on January 23, 1964, and on February 26, 1964, the Commission received plaintiff's petition for a rehearing, which was denied as being untimely made.

Plaintiff contends, among other things, that the Commission erred by refusing a rehearing on that ground. We agree. Section 35–1–82, U.C.A.1953 requires a request for a rehearing to be filed within 30 days after written notice of the Commission's decision. However, Rule 81(a), U.R.C.P. applies the Rules to special statutory proceedings where they are not clearly inapplicable. Rule 81(a), Fed.Rules of Civ.Proc., the prototype of the Utah Rules, supplements the rules in workmen's compensation claims, except to the extent that matters of the procedure are provided in the Longshoreman's Compensation Act, Lacomastic Corporation v. Parker, D.C.Md. 1944, 54 F.Supp. 138. Also Rule 81(a), Colorado Rules of Civil Procedure, to which the Utah provision was intended to conform, allows commission procedures to be supplemented by their judicial procedural rules, Boxberger v. State Highway Comm., 126 Colo. 526, 251 P.2d 920; Dallas v. Fitzsimmons, 137 Colo. 196, 323 P.2d 274, 66 A.L.R.2d 551. When service of notice is made by mail, Rule 6(e), U.R.C.P. allows three days additional time to file for

a rehearing. We believe and hold that Rule 6(e), not inconsistent and not clearly inapplicable with procedure of the Industrial Commission, supplements the procedure of the Commission; realizing that the last day of the 30-day period allowed by Section 35–1–82, U.C.A.1953 fell on February 22, a state holiday, the plaintiff's petition for rehearing was timely filed;[1] and therefore, this court has jurisdiction for review under Section 35–1–82, U.C.A. 1953 requiring for preservation of the right to judicial review a timely request for rehearing on the Commission's decision.

The other pertinent issue is whether the Commission should have allowed medical testimony to prove a connection between the slipping incident and the present ailments suffered by plaintiff when no competent evidence was offered to show injuries from the slipping incident. This court has previously held in the affirmative, Harlan v. Industrial Commission, 15 Utah 2d 298, 391 P.2d 838; Cooper v. Industrial Commission, 15 Utah 2d 91, 387 P.2d 689.

Where the injury complained of affects the internal anatomy, by what means but through medical testimony can petitioner prove that her ailments were caused by the accident?

We do not say that the Commission wrongly decided the case. It is well established that the Commission can receive any kind of relevant evidence, Hackford v. Industrial Commission, 11 Utah 2d 312, 358 P.2d 899. And it is further established that the Commission is not obliged to believe the plaintiff's testimony, unless such unbelief is so unreasonable as to be arbitrary or capricious, Holland v. Industrial Commission, 5 Utah 2d 105, 297 P.2d 230. But the plaintiff in this case should be given the opportunity to introduce medical testimony in an effort to prove that the plyboard incident was the proximate cause of her present ailments.

The order of the Commission is reversed for the above reasons.

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.

1. See Rule 6(a), U.R.C.P., which provides that in computing time, " * * * The last day of the period so computed is included, unless it is a Sunday or a legal holiday, in which event, the period runs until the end of the next day which is neither a Sunday nor a holiday."