462 P.2d 156

**KENNECOTT COPPER CORPORATION,**
Plaintiff,

v.

**The INDUSTRIAL COMMISSION of Utah
and Ina R. Johnson, Defendants.**

No. 11645.

Supreme Court of Utah.

Dec. 1, 1969.

George W. Latimer, James B. Lee, of Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Thomas A. Duffin, Salt Lake City, for defendants.

TUCKETT, Justice.

The plaintiff Kennecott Copper Corporation petitioned this court for a review of the proceedings of the Industrial Commission and seeks an order of this court setting aside an award to the defendant Ina R. Johnson.

On March 14, 1969, an Examiner for the Commission entered an order that the plaintiff pay medical and hospital expenses as well as compensation benefits to Ina R. Johnson and a burial award. The findings and award were reviewed by the Commission and it concluded that the award was supported by the medical panel report and the other evidence presented at the hearing before the Examiner.

The defendant Ina R. Johnson filed her application for compensation claiming that her husband Richard H. Johnson died on December 28, 1965, as a result of an occupational disease contracted while he was employed by the plaintiff. Pursuant to statutes the matter was submitted to a medical panel by the Industrial Commission and the panel submitted its findings as follows: Asphyxia and death due to laryngeal

edema and obstruction, accompanying allergic angioneurotic edema and dermatitis, due to exposure to epoxy compounds. The plaintiff objected to the report of the medical panel and on May 3, 1967, a hearing was had before an Examiner of the Commission. At the hearing Dr. Elmer K. Kilpatrick appeared in this capacity as chairman of the Occupational Disease Panel of the Industrial Commission. Thereafter the Examiner made and entered his findings that the deceased, Richard H. Johnson, died as a result of exposure to paint fumes while in the employ of Kennecott Copper Corporation, and based upon those findings the Examiner also concluded that the defendant Ina R. Johnson was entitled to an award of compensation as above set forth.

The deceased had been employed at the Kennecott refinery for a period of some 15 years as a carpenter. Sixty per cent of the time Johnson performed his work in the carpentry shop which was located in the maintenance building. The paint shop was adjacent to the carpentry shop the two being separated by a brick wall 12 or 14 feet high and a transit extending from the wall vertically to the ceiling. An exhaust system had been installed in the paint shop which was designed to remove the paint fumes from the room but the testimony of persons employed in the paint shop was to the effect that the exhaust system did not effectively remove the fumes and that fumes escaped from the paint shop to the

carpentry shop. The painters who were employed in the shop did have trouble with two types of epoxy and they suffered from rashes even though they wore protective clothing and used respirators while they were spraying this particular type of paint. The deceased's supervisor testified that his records showed that between December 2, 1965, and December 28, 1965, no epoxies were used. Ina R. Johnson testified that her husband had swelling in and about his face and under his arms for a period beginning two weeks prior to his death. On December 27, 1965, Johnson saw Dr. Milton A. Newman, a physician employed by Kennecott to treat its employees. Dr. Newman diagnosed Johnson's condition as angioneurotic edema of the face for which he prescribed medication and released him to return to work. Mr. Johnson died during the night between eight and ten hours after he was seen by Dr. Newman.

After his demise an autopsy was performed on the body of Johnson. The physicians who performed the autopsy and who later made microscopic examinations of the tissues taken from the body concluded that Johnson died from laryngeal edema. However, medical experts called by the plaintiff one of whom also made a microscopic examination of the tissues above referred to and one who was an allergist concluded from their examination of the tissues and the history of Johnson's illness that he had died from a heart arrest.

Based upon the findings of the medical panel and upon testimony of the witnesses adduced at the hearing the Commission found that the deceased Richard H. Johnson died as a result of exposure to paint or similar fumes while in the employ of Kennecott. The Commission also concluded that the death of Johnson resulted from exposure to harmful qualities of fumes and other substances in the course of his employment and that his widow was entitled to occupational disease death benefits.

The diseases which are deemed to be occupational diseases are enumerated in Sec. 35–2–27, U.C.A. 1953. The pertinent provision of that section controlling here is subsection (28) which provides as follows:

Such other diseases or injuries to health which directly arise as a natural incident of the exposure occasioned by the employment, provided however, that such a disease or injury to health shall be compensable only in those instances where it is shown by the employee or his dependents that all of the following named circumstances were present: (1) a direct causal connection between the conditions under which the work is performed and the disease or injury to health; (2) the disease or injury to health can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the employment; (3) the disease or injury to health can be fairly traced to the employment as to the proximate cause; (4) the disease or injury to health is not of a character to which the employee may have had substantial exposure outside of the employment; (5) the disease or injury to health is incidental to the character of the business and not independent of the relation of the employer and employee; and (6) the disease or injury to health must appear to have had its original in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before discovery. No disease or injury to health shall be found compensable where it is of a character to which the general public is commonly exposed.

It is the plaintiff's contention here that the evidence does not support the finding of the Commission that the laryngeal edema and the death of Johnson can be fairly traceable to his employment at Kennecott.

The Commission having made its findings upon conflicting evidence it is the duty of this court to view the evidence in a light most favorable to the findings and order of the Commission. As we view the evidence while it is widely divergent, nevertheless there is credible evidence in the record to support the Commission's finding. We are not inclined in this case to depart from the principles announced in

numerous prior decisions of this court[1] and we therefore affirm the findings and award of the Commission. No costs awarded.

CROCKETT, C. J., ELLETT and CALLISTER, JJ., and THORNLEY K. SWAN, District Judge, concur.

HENRIOD, J., having disqualified himself does not participate herein.

1. Dalton v. Industrial Commission, 8 Utah 2d 353, 334 P.2d 763; Pintar v. Industrial Commission, 14 Utah 2d 276, 382 P.2d 414; Vause v. Industrial Commission, 17 Utah 2d 217, 407 P.2d 1006; Garner v. Hecla Mining Co., 19 Utah 2d 367, 431 P.2d 794; McWilliams v. Industrial Commission, 21 Utah 2d 266, 444 P.2d 513.