## SALT LAKE CITY v. INDUSTRIAL COMMISSION.

No. 3936.   Decided May 25, 1923.   (215 Pac. 1047.)

MASTER AND SERVANT—INDUSTRIAL COMMISSION VACATING COMPENSA-
TION AWARD HAS NO JURISDICTION TO ENTERTAIN SECOND APPLICA-
TION. When the Industrial Commission has made an award un-
der the Workmen's Compensation Act and on rehearing has
set such award aside, the defeated party must apply to the
Supreme Court within 30 days for a writ of review under Comp.
Laws 1917, § 3148, as amended by Laws 1919, p. 164, and when
he fails to do .so the Commission has no jurisdiction to enter-
tain the application a second time, notwithstanding Comp.
Laws 1917, § 3144, conferring continuous jurisdiction upon the

Commission; such section not authorizing the Commission to resume jurisdiction of a case once regularly determined without some change or new development in the injury complained of not known at the time of the award.

Proceedings under the Workmen's Compensation Act by Thomas Fisher, opposed by Salt Lake City, employer. An award of compensation was allowed by the Industrial Commission, and the employer brings certiorari.

AWARD ANNULLED.

*W. H. Folland,* City Atty., and *Shirley P. Jones* and *W. A. Fraser,* Asst. City Attys., all of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

THURMAN, J.

This case comes before us on a writ of certiorari to review the proceedings of the Industrial Commission of Utah in the matter of an award of compensation to one Thomas Fisher for an injury alleged to have been sustained while in the employment of the plaintiff November 1, 1920.

The record of the case is somewhat confusing on account of the irregular method adopted in its compilation. We will endeavor, however to unravel the tangled skein by presenting the main features of the case in chronological order.

On November 1, 1920, Thomas Fisher, while in the employment of Salt Lake City as a street sweeper upon the streets of the city, reported to his foreman that something was the matter with one of his eyes. The evidence as to when or where the injury occurred is vague and unsatisfactory. Th applicant claimed that it was caused by the wind blowing dirt in his eye. The foreman gave him a card entitling him to treatment in the emergency hospital, at which place he appeared on the date of the alleged injury.

No application was made at that time, nor until some 15 months afterwards, to the Industrial Commission for compensation. He was 85 years of age at the time and in destitute circumstances. On this account the city officials rendered him medical assisstance and hospital accommodations without raising any question as to whether or not he was injured by accident in the course of his employment.

It is not necessary to state in detail the facts pertaining to the injury and its subsequent development, as the case must be disposed of on a question of jurisdiction. Application for compensation was not filed until May, 1922, but the statute of limitations in this regard was waived. A hearing was had before the Commission, and on June 17, 1922, compensation was awarded. Plaintiff immediately applied for a rehearing, which, on August 1st, was granted, and on the same day the hearing was had, the award set aside and compensation denied. Nothing further was done in the cause until the 6th day of September, when applicant filed a new application before the Commission setting forth the circumstances of the injury the same as if the case had not been previously determined. The plaintiff appeared and earnestly insisted the Commission was without jurisdiction to proceed further in the cause. The objection was overruled, the Commission proceeded to hear the evidence, and on December 2d, entered an order setting aside its decision of August 1st and reinstated its former order awarding compensation. The plaintiff again applied for a rehearing, but its application was denied. Plaintiff, by seasonable application to this court, seeks to have the case reviewed and the award set aside.

The sole question to be determined is: When the Industrial Commission has made an award either granting or denying compensation and on rehearing the award is set aside and reversed, is the defeated party bound to apply to this court within 30 days for a writ of review as provided in Comp. Laws Utah 1917, § 3148, as amended in Sess. Laws 1919, p. 164, or may such party at any time thereafter make application again to the Industrial Commission

for compensation the same as if the case had never been before it and previously determined? In the opinion of the writer there is but one logical view to take of the question. The section of the statute above referred to reads:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby [including the state insurance fund], may apply to the Supreme Court of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined."

In this case the Commission on the first hearing, in June, 1922, awarded the applicant compensation. The city, in accordance with the provisions of the section above quoted, applied for a rehearing. The rehearing was granted, the award set aside, and compensation denied. Under the plain, unequivocal provisions of the statute the remedy of the applicant was to apply to this court within 30 days for a writ of review. Instead of pursuing that course, applicant delayed for more than 30 days and filed a new application for a hearing before the Commission the same as if the case had never before been heard. Such a procedure flies in the very face of the statute. If such procedure is upheld, litigation before the Commission in any given case may never end. It was just as obligatory upon the applicant, when the Commission granted the city's application for a rehearing, August 1, 1922, to apply to this court within 30 days for a writ of review, as it would have been for the city to do so if its application for rehearing had been denied.

The application for a hearing filed by applicant September 6, 1922, assigns no reason whatever why the decision of the Commission entered August 1st of the same year, granting a rehearing, setting aside its former decision, and denying compensation, should be set aside. Nor is there any reason assigned by the Commission in its last award for revoking and annulling its decision of August 1st granting a rehearing and setting aside its former decision. In these

circumstances, the court is of opinion that the Commission in the last hearing of the case proceeded without jurisdiction, and that the contention of the city should have been sustained.

We are not unmindful of the fact that section 3144 of the Compiled Laws, relied on by defendant, purports to confer upon the Commission continuing jurisdiction over each case. The section reads as follows:

"The powers and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

It certainly was not intended by that section that the Commission might resume jurisdiction of a case that had once been regularly determined without some change or new development in the injury complained of not known to the parties when the former award was made. It may often happen that some material change in the condition of applicant's injury may occur after an award has been made, in which justice to one or the other of the parties litigant might demand a further hearing of the cause. It might be that what was supposed to be a serious or permanent injury for which a large compensation was awarded would prove to be only slight or temporary, in which case the compensation should be substantially modified or abrogated altogether; or it might be that the injury would afterwards prove to be more serious than was supposed when the award was made, in which case the compensation should be increased. There might be other reasons for the exercise of jurisdiction under the statute last quoted which do not at present occur to the mind of the writer, but no reason whatever appears in the instant case.

The court is of opinion that the foregoing is a reasonable and logical interpretation of section 3144, and that any other interpretation would invite endless litigation in this class of cases.

For the reasons stated, the award of the Commission is annulled, vacated, and set aside.

Mandamus

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.