FERGUSON v. INDUSTRIAL COMMISSION OF UTAH
et al.

No. 3908.   Decided July 21, 1923.   Rehearing Denied January 23, 1924.   (221 Pac. 1099.)

1. MASTER AND SERVANT—REVIEWING COURT BOUND BY RECORD IN COMPENSATION CASE AND MAY NOT CONSIDER AFFIDAVITS. In certiorari proceedings to review order of the Industrial Commission dismissing plaintiff's application for compensation under the Workmen's Compensation Act, affidavits filed by plaintiff in contradiction of the record as certified by the Industrial Commission held not subject to consideration by the appellate court, in view of Comp. Laws 1917, § 3148, as amended by Laws 1921, c. 67, which provides that the cause shall be heard on the record as certified by the Commission.[1]

2. MASTER AND SERVANT—APPLICATION FOR WRIT OF REVIEW IN COMPENSATION CASE MUST BE MADE WITHIN 30 DAYS AFTER DENIAL OF FIRST PETITION FOR REHEARING. The jurisdiction of the Industrial Commission ceased when it denied the first petition for rehearing, and it was then incumbent upon applicant to apply to the Appellate Court within 30 days for a writ of review, notwithstanding unauthorized proceedings on a second petition for rehearing.[2]

[1] Higgs v. Burton, 58 Utah, 99, 197 Pac. 728; Beck v. Lewis, 49 Utah, 368, 164 Pac. 480; McMillan v. Durand, 38 Utah, 274, 112 Pac. 807; Griffith v. Justice Court, 35 Utah, 445, 100 Pac. 1064; Quealy v. Sullivan, 42 Utah, 565, 132 Pac. 4; State v. District Court, 36 Utah, 267, 103 Pac. 261.

[2] Salt Lake City v. Industrial Commission, 61 Utah, 514, 215 P. 1047.

Certiorari to Industrial Commission.

Proceeding under the Workmen's Compensation Act by Le Roy C. Ferguson, employee, against the Sperry Flour Company. The Industrial Commission dismissed the application for compensation, and plaintiff brings certiorari.

AFFIRMED.

*Marioneaux & Beck*, of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for respondents.

CHERRY, J.

This is a proceeding to review the decision of the Industrial Commission dismissing and denying a claim for compnsation for injuries under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165). The record of the proceedings before the Commission, certified to this court, shows:

On February 21, 1920, Le Roy C. Ferguson filed an application with the Industrial Commission for compensation on account of injuries caused by accident on December 17, 1919, arising in the course of his employment by Sperry Flour Company at Ogden, Utah. A hearing was had and compensation denied March 25, 1920. On April 28, 1922, a petition for rehearing was filed, and, on May 8, 1922, was denied. On September 10, 1922, a second petition for rehearing was filed, which the Commission granted and on another hearing made an order October 31, 1922, that the application be dismissed. Within 30 days from the date of the last order the plaintiff applied to this court for a writ of review.

After the oral argument the plaintiff filed affidavits in this court tending to dispute the record of the Commission with respect to the order of May 8, 1922, denying the petition for

rehearing. No amendment or correction of the record of the Commission, as certified here pursuant to the writ of review, has been made.

Comp. Laws Utah 1917, § 3148, as amended by chapter 67, Laws Utah 1921, after authorizing proceedings in this court by writ of review to the Industrial Commission, provides:

"No new or additional evidence may be introduced in such court, but the cause shall be heard on the record to the commission as certified to by it."

This court has frequently held that in certiorari proceedings the record certified up by the tribunal to whom the writ is directed imports absolute verity, and cannot be contradicted or supported by extrinsic evidence. *Higgs* v. *Burton,* 58 Utah, 99, 197 Pac. 728; *Beck* v. *Lewis,* 49 Utah, 368, 164 Pac. 480; *McMillan* v. *Durand,* 38 Utah, 274, 112 Pac. 807; *Griffith* v. *Justice Court,* 35 Utah, 445, 100 Pac. 1064; *Quealy* v. *Sullivan,* 42 Utah, 565, 132 Pac. 4; *State* v. *District Court,* 36 Utah, 267, 103 Pac. 261.

The affidavits filed in contradiction of the record cannot be considered, and we are bound by the record as certified by the Commission.

The first petition for rehearing having been denied on May 8, 1922, the jurisdiction of the Industrial Commission ceased. It was then incumbent upon the applicant to apply to this court within 30 days for a writ of review or to abide by the decision. *Salt Lake City* v. *Industrial Commission,* 61 Utah 514, 215 Pac. 1047.

The proceedings by the Commission subsequent to May 8, 1922, were without legal authority, but they did not change the result previously reached. The decision of the Commission is therefore affirmed.

WEBER, C. J., and GIDEON and THURMAN, JJ., concur.

FRICK, J., did not participate herein.