WOLDBERG v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4751.   Decided June 24, 1929.   (279 P. 609.)

Clawson & Elsmore, of Salt Lake City, for plaintiff.

E. A. Walton, of Salt Lake City, for defendant Woolen Mills.

George P. Parker, Atty. Gen., M. Logan Rich, Asst. Atty. Gen., and Bagley, Judd & Ray, of Salt Lake City, for other defendants.

FOLLAND, J.

This is a proceeding in certiorari to review an award of the Industrial Commission denying compensation to the applicant, Walter A. Woldberg. The facts were stipulated before the commission. They tend to show that there would be liability on the part of the employer if the applicant, who is a boy 12 years of age, were legally employed at the time of the happening of the accident. The commission made findings of fact and conclusions of law wherein it was found and concluded that, under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165, as amended) and the so-called Child-Labor Law (Comp. Laws Utah 1917, §§ 1860-1874), the commission is without power or authority to award compensation to the minor either against his employer or the latter's insurance carrier. It was therefore ordered that compensation be denied. Motion for rehearing was made and denied.

The defendants Utah Woolen Mills and State Insurance Fund filed a motion to dismiss the writ on the ground that this court is without jurisdiction to hear and determine the cause, for the reason the application for this writ was filed too late and not within the time fixed by statute.

The record discloses that applicant's petition for rehearing was denied by the commission on May 14, 1928, notice of which was served on the parties, including applicant's guardian and his attorneys. Petition for a writ of review was filed in this court on June 15, 1928, or two days after the expiration of the 30-day period provided in Comp. Laws Utah 1917, § 3148, as amended by chapter 67, Laws Utah 1921, p. 181. The argument in this court was addressed to this motion. The case was not presented on the merits.

This court has repeatedly held that it has no jurisdiction to entertain or consider a petition to review a decision of the Industrial Commission which is not filed within 30 days after denial by the commission of a petition for rehearing. *Salt Lake City* v. *Industrial Commission*, 61 Utah 514, 215 P. 1047; *State Insurance Fund* v. *In-*

*dustrial Commission,* 61 Utah 579, 217 P. 249; *Ferguson* v. *Industrial Commission,* 63 Utah 112, 221 P. 1099; *Heledakis* v. *Industrial Commission,* 66 Utah 608, 245 P. 334; *Utah Fuel Co.* v. *Industrial Commission* (Utah) 273 P. 306; *Thompson* v. *Industrial Commission* (Utah) 273 P. 311. The writ must be dismissed unless there is something in the instant case which takes it out of the rule announced above.

Counsel for the applicant point out that the State Insurance Fund is not a legal entity and cannot be a party to an action. *Ban & Kariya* v. *Industrial Commission,* 67 Utah 301, 247 P. 490. Applicant, however, is responsible for the alignment of the parties defendant in this proceeding. Applicant procured and filed an affidavit and a disclaimer of the other movant, Utah Woolen Mills, wherein that defendant states that it does not now question the jurisdiction of this court, and withdraws, as far as it can, its motion to dismiss the writ. We need not discuss or decide the legal effect of these matters, for the reason that this court will inquire into its own jurisdiction however that question may be called to its attention. "We have no right to proceed to a decision of the merits of any case where the law forbids us the right to do so whether the parties desire it or not." *McCashland* v. *Keogh,* 32 Utah 11, 88 P. 680.

It is urged that the opinion in the case of *Utah Fuel Co.* v. *Industrial Commission,* supra, decided in January, 1929, is fundamentally wrong and should be overruled. It is sufficient answer to say that the cases cited and arguments now made were fully presented to the court on motion for rehearing in the Utah Fuel Co. Case, supra, and, after a thorough consideration, the court held it was bound by the Heledakis Case, supra. We see no reason at this time to reverse or change the rule which has been in effect for so many years and sustained by this court in six decisions. It was held in the Heledakis Case that the statute prescribing the time within which an application may be made to this

court for review is analagous to the statute relating to the time within which to appeal. After the decision of the Utah Fuel Company Case, the same rule was reaffirmed and followed in *Thompson* v. *Industrial Commission*, supra.

The applicant, however, seeks to distinguish the instant case from the cases heretofore cited, by saying that in those cases the commission was "deciding between two adversaries with neither of which it had any privity, whereas in the case at bar the real controversy is between applicant on one side and the Industrial Commission on the other, not strictly as a judicial tribunal but as a mere administrator of the State Insurance Fund." No such distinction is contemplated by the statute. The same procedure is specified in all cases, irrespective of who or what the employer may be and whether compensation is assured by an insurance company, the State Insurance Fund, or the employer as a self-insurer. This court has heretofor stated that no distinction can be made between the different kinds of employers and insurance carriers, but that all must be treated alike. *Industrial Commission* v. *Evans*, 52 Utah 394, 174 P. 825. The commission has been considered as an administrative body but clothed with authority to make awards against a self-insurer as well as the State Insurance Fund and other insurance carriers. It was the intent of the Legislature to provide a means to secure compensation to injured employes and dependents of employes who suffer death in connection with their employment without delay and without the expense and annoyance incident to actions at law. *Utah Copper Co.* v. *Industrial Commission*, 57 Utah 118, 193 P. 24, 13 A. L. R. 1367. Also in *Utah Con. Min. Co.* v. *Industrial Commission*, 66 Utah 173, 240 P. 440, Mr. Justice FRICK, speaking for the court, said:

"The whole purpose, plan and intent of the Industrial Act is to provide a simple, adequate and speedy means to all applicants for compensation to have their applications heard and determined upon the merits, and to have the acts of the Commission as speedily re-

viewed by this court by any interested party if he thinks that the Commission has exceeded its powers or has disregarded some provision of the statute."

The enactment of the Workmen's Compensation Act has effected radical changes in the principles of the common law with respect to the rights and liabilities of employes and employers (28 R. C. L. 785) as well as in respect to forms of pleading, rules of evidence, and methods ∎ of review (28 R. C. L. 825). The workmen's compensation scheme is purely statutory, and the act provides a plain, speedy, and adequate method of review.

In order to meet the demand for a speedy determination of the rights of the parties, the 30-day limitation was imposed without respect to the nature of the insurance carrier, as to whether one or the other of the three mentioned above, and in fact it applies to all who come within the terms of the Workmen's Compensation Act.

The Industrial Commission is no less an administrative body when making awards binding upon the State Insurance Fund than it is when making awards binding upon other insurance carriers. Nor is the commission disqualified because of interest from making awards against or in favor of the State Insurance Fund. The commission ∎∎ is an arm of the state government charged with the duty of administering the Workmen's Compensation Act. Its members have no financial interest in the fund. Their salaries are not paid out of it, and their compensation is neither increased nor diminished because of anything they may do or not do with respect to it. The authorities cited by applicant (33 C. J. 991, note 54, 1023; *Tumey* v. *Ohio*, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243) have no application to the situation here.

Counsel for applicant suggested that, if this court finally holds it has no jurisdiction in certiorari, then we should treat the proceeding as one in mandamus, and, so treating

it, require the Industrial Commission to assume further jurisdiction and proceed in accordance with the Industrial Act. The record shows that the commission made no attempt to decide the amount of compensation, if any, to be awarded applicant. The parties hereto applicant being represented by his guardian, stipulated the facts which were presented to the Industrial Commission, and requested that body to first make a decision as to its authority or jurisdiction in the premises. The parties, including applicant, treated the case as they would any other case before the Industrial Commission. Applicant brought the case to this court for review upon the same theory. Even should we concede counsel's request, there is nothing upon which a writ of mandamus might operate, for the reason that the Industrial Commission proceeded to hear the case, heard it fully upon the evidence submitted, arrived at its conclusion, and made its award denying compensation. The commission is required to and must determine for itself whether or not it may proceed in a given case. *Utah Fuel Co.* v. *Industrial Commission*, 57 Utah 246, 194 P. 122.

A review of the commission's decision would be proper in the proceeding now before us, except that the writ was not timely sought so as to afford us jurisdiction to decide the case on merits.

It follows that the writ heretofore issued must be, and it therefore accordingly is, dismissed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.