DREW, Chief Justice.
On November 27, 1954, the petitioner filed a petition for Writ of Certiorari to review an order of the Florida Industrial Commission entered on August 11, 1954. Respondent moved to dismiss the petition because not filed within the sixty day time limit prescribed by Supreme Court rule 28(e). Petitioner contends this time limitation was tolled by reason of its petition for rehearing filed September 3, 1954, in which it requested reconsideration of ,the order of August 11, 1954.
The respondent’s .motion presents the question of whether the sixty day period for filing petition for certiorari to review an order of the Florida Industrial Commission is tolled by the filing before the Commission of a petition for rehearing, when there is neither a valid rule nor statute authorizing the filing of such a petition for rehearing. The latter qualification of the question is necessary because there is no státute specifically authorizing the filing of a petition for rehearing before the Florida Industrial Commission and it is conceded that the Commission has no rule or regulation providing for such a procedure. The circumstance presents a situation analogous to that in Weisberg v. Perl, Fla.1954, 73 So.2d 56, 57, where we pointed out that a petition for rehearing of a summary final judgment in a common law action was “unknown and unheard of in such a proceeding” and therefore held that the unauthorized petition “did not stay or toll the time for prosecuting an appeal from the final judgment.”
The instant case does not raise, and we do not pass upon, any questions relating to whether the Florida, Industrial Commis *455 sion has power to prescribe valid rules authorizing a petition for rehearing. We hold only that the absence in this case of a valid rule or statute authorizing the filing of such a petition is fatal to petitioner’s contention. To hold otherwise would result in endless confusion, uncertainty, and unauthorized delay.
This conclusion disposes of the cause so that in this proceeding we are unable to consider and pass upon the questions reaching the merits of the order of which review is sought, including the question of whether that order was entered by a legally constituted Florida Industrial Commission.
Respondent’s motion to dismiss is granted and the petition for certiorari filed in this cause on November 27, 1954, is dismissed.
THOMAS, HOBSON, and ROBERTS, JJ-, concur.