427 P.2d 952

**KENNECOTT COPPER CORPORATION, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah and Robert E. Markus, Defendants.**

**No. 10534.**

Supreme Court of Utah.

May 16, 1967.

Parsons, Behle, Evans & Latimer, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Salt Lake City, Matt Biljanic, Midvale, for defendants.

CALLISTER, Justice:

Kennecott Copper Corporation to have this court review an award to Robert E. Markus, granted by The Industrial Commission. It is the contention of Kennecott that the Commission did not have jurisdiction to make the award. We agree.

On August 26, 1964, Markus filed a claim for workman's compensation for an injury allegedly suffered while in the course of employment with Kennecott. After a hearing at which no medical testimony was permitted, the Commission, on February 17, 1965, entered an order denying the claim. Markus filed an application for a rehearing which the Commission denied on March 12, 1965.

Markus did not apply to this court for a writ of certiorari as provided in 35–1–83, U.C.A.1953. However, on April 13, 1965, the Commission rescinded its order of the previous March 12th denying compensation and ordered a rehearing. A rehearing was had and, on December 14, 1965, an order entered granting Markus compensation. Kennecott applied for a rehearing which was denied and then petitioned this court for a review of the award.

■ The question presented is, whether the Commission, after having denied the petition of Markus for a rehearing, could reopen, reconsider and change its original decision which denied him an award of compensation. The holding of this court in Ferguson v. Industrial Commission [1] is dispositive of the question. Therein it was stated:

> The first petition for rehearing having been denied on May 8, 1922, the jurisdiction of The Industrial Commission ceased. It was then incumbent upon the applicant to apply to this court within 30 days for a writ of review or to abide by the decision.

■ However, Markus and the Commission cite 35–1–78, U.C.A.1953, for the proposition that the Commission did have jurisdiction in the instant case to vacate its original order. This section provides:

1. 63 Utah 112, 221 P. 1099 (1923). See also Salt Lake City v. Industrial Commission, 61 Utah 514, 215 P. 1047 (1923).

The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified, provided, however, that records pertaining to cases, other than those of permanent disability or where a claim has been filed as in 35–1–99, which have been closed and inactive for a period of 10 years, may be destroyed at the discretion of the commission.

This statutory provision is not applicable to the case under consideration. In Salt Lake City v. Industrial Commission [2] this court stated:

It certainly was not intended by that section (3144, C.L.U.1917 [3]) that the Commission might resume jurisdiction of a case that had once been regularly determined without some change or new development in the injury complained of not known to the parties when the former award was made.

There is involved in this case no change or new development [4] in Markus' injury. Nor is there a situation such as in Aetna Life Insurance Company v. Industrial Commission [5] wherein this court held that the Commission had jurisdiction, under the provisions of this statute, to make a subsequent award where the prior award was shown to be inadequate.

The Commission and Markus also place reliance upon Griffith v. Industrial Commission [6] and Carter v. Industrial Commission.[7] The former is not in point and the latter is distinguishable.

In the *Griffith* case, the court was not concerned with the jurisdiction of the Commission. The issue resolved was how to compute the 30-day period a losing party has in which to petition the Commission for a rehearing.

At first blush, the Carter case would seem to have a bearing upon the instant case. However, in Carter, the Commission had denied the claim in the first instance but, upon due application, granted a rehearing. Upon the rehearing, it reaffirmed its prior order. Within the statutory time, the applicant again petitioned for a rehearing which, over the objection of the employer, was granted. Later, the Commission, thinking it had lacked jurisdiction to grant the second petition, vacated the same. This court, in reversing stated:

Thus when the commission without restriction granted the first rehearing, it in

---

2. Footnote 1, supra.
3. As it pertains to this case, this section contained substantially the same provisions as 35–1–78, U.C.A. 1953.

4. Spencer v. Industrial Commission, 4 Utah 2d 185, 189, 290 P.2d 692 (1955).
5. 73 Utah 366, 274 P. 139 (1929).
6. 16 Utah 2d 264, 399 P.2d 204 (1965).
7. 76 Utah 520, 290 P. 776 (1930).

effect set aside and vacated its first order of judgment, and when it on rehearing heard the case anew, the order or judgment rendered by it on the rehearing or retrial became a new order or judgment against which the defeated party had the right, if timely applied for, to move for a new trial or rehearing.

In the *Carter* case, the rehearing was *granted*. It operated to vacate the first order of the Commission. In the instant case, the first petition for rehearing was *denied*. This did not operate to set aside or vacate the first order. Although the procedural steps are similar, the difference in the two cases is that in *Carter* the petition for rehearing was granted, while in this case it was denied.

Finally, the fact that Kennecott participated in the second hearing without objection and would, undoubtedly, have abided by a decision confirming the first order, does not constitute a waiver of the Commission's lack of jurisdiction. The jurisdiction of the Commission is fixed by statute and, except in rare instances, cannot be conferred or extended by the waiver or conduct of the parties.[8]

Order granting the award is set aside. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

8. Oklahoma City Livestock Exchange v. Parkey, 193 Okl. 426, 144 P.2d 960 (1943).