463 P.2d 562

**Emil SCHOCKNMYER, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah and
Kaiser Steel Corporation, Defendants.**

No. 11451.

Supreme Court of Utah.

Jan. 6, 1970.

---

Emil Schocknmyer, pro se.

Vernon B. Romney, Atty. Gen., Frank J. Allen, of Clyde, Mecham & Pratt, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of a Commission's denial of a petition for an award. Affirmed.

Mr. S's claim stems from an injury suffered in the course of his employment in 1958. The matter was heard by the Commission and reviewed by a medical panel, which concluded that it was "unable to relate this applicant's low back problem to his industrial injuries, studies or treatment" and that no permanent disability resulted therefrom.

Mr. S. was represented over the years in this matter by a number of different counsel, each of whose efforts were terminated for one reason or another. He pursued this review in person, without benefit of counsel. He filed written briefs and argued the case orally before this court.

We are not unmindful of the natural concern of a person with respect to his physical ailments, nor of his failure frequently to understand the nature, extent and conditions appurtenant to workmen's compensation legislation. Nonetheless, his rights or privileges in this area necessarily are circumscribed by and conditioned on procedural as well as substantive factors.

The Commission and the medical panel [1] concluded that petitioner's urged ailment was not the result of the incident assigned as basis for the claim. Its position in this respect well may have been the basis for an order denying the claim. However the Commission denied the claim for specified reasons, among which was: That Mr. S.

1. Convened under Title 35-1-77, U.C.A. 1953.

failed to petition for a review by this court within the statutory time allowed.[2]

We conclude and hold that the Commission's denial of an award was and is meritorious and well taken. It would be a legislative function to change the result in this case under present Utah law.

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.