ON PETITION FOR REHEARING
per CURIAM.
Petitioner, Lyle Crippen, filed his notice to invoke the certiorari jurisdiction of this Court on October 2, 1978. Petitioner sought review of an order of the Industrial Relations Commission entered on August 18, 1978. On September 1, 1978, the Industrial Relations Commission denied Lyle Crippen’s petition for reconsideration of the commission’s order of August 18, 1978. By order filed October 6, 1978, the Court dismissed, sua sponte, this cause because the notice of certiorari was not timely filed.
On October 16, 1978, petitioner filed his motion for rehearing or for clarification of the Court’s order of October 6, 1978, dismissing this cause. For the benefit of the workmen’s compensation bench and bar we deem it appropriate to articulate the jurisdictional requirements imposed by Florida Rule of Appellate Procedure 9.110(b), as it relates to section 440.27(1), Florida Statutes (1977), and the Florida Workmen’s Compensation Rules of Procedure.
Petitioner asserts in this cause that the time for filing notice of certiorari imposed by Florida Rule of Appellate Procedure 9.110(b) was tolled by the filing of his petition for reconsideration which was not disposed of by the Industrial Relations Commission until September 1, 1978. He bases this contention upon Florida Workmen’s Compensation Rule of Procedure 20, which provides for motion practice on appeal. In particular, he maintains that rule 20(e) tolls the time for the performance of a required act (notice of certiorari) from the date of filing of the petition for reconsideration until the date the order was entered on such petition. He posits that Florida Rule of Appellate Procedure 9.020(g) defines rendition within the purview of rule 9.110(b) as being after the disposition of any motion for rehearing filed in the lower tribunal, hence the order which he seeks to review was not rendered until September 1, 1978. However, rule 9.020(g) states that an order shall not be deemed rendered until disposition of “an authorized and timely motion for new trial or rehearing . . . (Emphasis supplied.) Because we do not *64 deem Florida Workmen’s Compensation Rule of Procedure 20 to authorize a motion or petition for rehearing from a final order of the Industrial Relations Commission, the thirty-day time for filing imposed by Florida Rule of Appellate Procedure 9.110(b) as incorporated by section 440.27(1), Florida Statutes (1977), is not tolled by the filing of such a petition or motion.
In Jacksonville Paper Co. v. Nolan, 80 So.2d 454 (Fla.1955), the Court dealt with this issue. In that case the petitioner, on November 27, 1954, sought review of an Industrial Relations Commission ordered entered August 11, 1954. Respondent moved to dismiss the petition since it was not filed within the time limit prescribed by Supreme Court rule. Petitioner contended that the time limitation was tolled by reason of its filing of a petition for reconsideration on September 9, 1954. We granted the motion to dismiss, holding that “the absence in this case of a valid rule or statute authorizing the filing of such a petition is fatal to petitioner’s contention.” Id. at 455. Chapter 440, Florida Statutes (1977), remains unchanged since the date of that decision in respect to providing for a petition for rehearing or reconsideration of a final order oiLthe Industrial Relations Commission. After reviewing the history and the drafting committee’s efforts in connection with Florida Workmen’s Compensation Rule of Procedure 20, adopted by this Court effective July 1, 1977, we are persuaded that there was no intent by -the drafters or this Court to provide thereby for motions for rehearing of a final order of the Industrial Relations Commission. The express language of the rule makes no provision for such motion, nor are we disposed, in view of our knowledge of the history of the drafting of the rule, to construe any such provision by implication.
Accordingly, the rule announced in Jacksonville Paper Co. v. Nolan remains the controlling law, and predicated thereon, petitioner’s motion for rehearing is denied.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.