WENTWORTH, Judge.
The deputy commissioner entered an order on September 27, 1982, denying appellant’s claim for temporary benefits and wage loss but awarding travel expenses and costs. Both parties filed petitions for reconsideration, and the deputy entered an amended order on October 26, 1982, in which he found that all travel expenses had been properly paid. He therefore deleted the awards for travel expenses and costs from the September 27 order. The claimant filed his notice of appeal on November 23,1982, and challenges only matters covered by the original order. We note, sua sponte, a question as to timeliness of the appeal, because a motion for rehearing does not toll the time for taking an appeal in workers’ compensation cases. Jacksonville Paper Co. v. Nolan, 80 So.2d 454 (Fla.1955). A deputy commissioner may, however, withdraw an order at any time before an appeal is filed within the thirty days before the order becomes final. Phillips v. Redtop Sedan, IRC Order 2-3284 (1976). Although in this case the deputy did not in literal terms withdraw the September order, we find that within the requisite period he effectively vacated and re-entered his former order by providing in the amended order that “[a]ll other portions of the Order of September 27, 1982, are incorporated by specific reference and made a part hereof.”
*356 For the foregoing reasons, we have considered the merits of claimant’s appeal as addressed to the latter order. We find that the denial of appellant’s claim for wage loss benefits is supported by competent substantial evidence, as is the implicit finding that claimant suffered no permanent aggravation of his prior injury as a result of the January 1982 accident.
Affirmed.
BOOTH and THOMPSON, JJ., concur.