ZEHMER, Judge,
dissenting.
I respectfully dissent. The Department of Professional Regulation’s position is necessarily predicated on the premise that the June 26 order became irrevocably final when filed and that as a consequence the Board of Medical Examiners thereupon lost all power to modify or amend any substan *501 tive provisions of the order so as to make it conform to the Board’s true intention and decision. The only right of appeal, DPR necessarily contends, is from the original erroneous order. As a result, Dr. Taylor has lost his right of appellate review of the Substantive findings by the Board solely because he did what any reasonable person in such circumstances would have done — he asked the Board to correct its apparent error by entering a correct order before he filed the notice of appeal.
Under DPR’s reasoning, the August 8 amended order has no validity whatsoever. So, with the dismissal of this appeal, Dr. Taylor will stand convicted and disciplined .under a final order that imposes a penalty for five years, two years more than the Board intended, without any opportunity for correction of the admitted error by the Board, and without an opportunity for appellate review on the merits of the correct order. This result is undesirable, unnecessary, and, in my view, offensive to the purpose of the quasi-judicial power conferred on this administrative agency under the constitution and applicable statutes. DPR’s position in this case, approved in the majority opinion in reliance on the decision in Systems Management Ass’n, Inc. v. Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1981), will serve only to compel parties in administrative proceedings to immediately appeal an obviously incorrect order without first giving the agency an opportunity to correct its error, and thereby needlessly add additional issues for review by already-overburdened appellate courts.
The needlessly harsh result in this case cannot be reconciled with the notions of due process and fundamental fairness underlying the statutes and rules governing administrative proceedings in this state. This is not the first time concerns for due process have caused the courts of this state to comment on the failure to adopt rules authorizing an agency to reconsider and set aside a final order. In Tall Trees Condominium Ass’n, Inc. v. Division of Florida Land Sales and Condominiums, 455 So.2d 1101, 1103 (Fla. 3d DCA 1984), the appellate court aptly observed:
As a parenthetical, we note that the Division has no procedural rule or provision for setting aside a final order; no counterpart to Rule 1.540, Florida Rules of Civil Procedure. Chapter 28-3, Florida Administrative Code and Section 120.53, Florida Statutes (1983), give agencies the authority to enact rules of procedure and practice. While we cannot require that the Division adopt such a rule, Citizens of Florida v. Mayo, 357 So.2d 731 (Fla.1978), we suggest that notions of due process and fundamental fairness require that a procedure for setting aside a final order be available for use in appropriate situations.
It is well-established that a court has the inherent power to rehear and set aside or modify its own final orders, whether or not such power is expressly conferred by statute or rule, based upon the principle that “a trial court has inherent power to control its own judgments.” American Savings & Loan Ass’n of Florida v. Saga Development Corp., 362 So.2d 54 (Fla. 3d DCA 1978); 13 Fla.Jur.2d, Courts and Judges, § 15. The constitutional grant of authority to a court includes a broad grant of plenary power to adjudicate any matter within its general jurisdiction, and such jurisdiction “cannot properly be restricted by legislative enactment.” State ex rel. Booth v. Byington, 168 So.2d 164, 171 (Fla. 1st DCA 1964), aff'd, 178 So.2d 1 (Fla.1965).[1]
*502 By analogy to the inherent powers of courts, it seems to me that an administrative tribunal clothed with quasi-judicial power likewise possesses authority to rehear and correct or modify its final orders before its jurisdiction of the order is lost, despite the absence of an express rule to that effect. Although inherent judicial powers attach to the office rather than a particular function, when the constitution and the legislature grant to an agency specific powers to act as would the judiciary, it is inherent in that grant of power that the agency perform correctly, including the correction of its erroneous or mistaken orders in a reasonable time if not otherwise set by statute or rule. The right to correct final orders is so fundamental to the effective and proper exercise’of the conferred quasi-judicial power that an administrative agency must be deemed to have such inherent power incident to its exercise of the legislatively conferred judicial power.
The Florida Constitution of 1885 vested all judicial power in the courts of the state described in section 1, article Y; it included no provision for conferring quasi-judicial power on administrative agencies. Our present constitution provides in section 1, article V, that judicial power is vested only in certain courts and no other, but also states, “Commissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices.” It is apparent, therefore, that the quasi-judicial power of administrative agencies such as DPR derives from constitutional as well as statutory foundations; so it would seem that the inherent power to rehear and correct quasi-judicial orders, when necessary to ensure that orders correctly speak the true intention of the agency, need not necessarily be predicated upon express language in the organic statute or rule. This result follows from the recognition that the constitutional grant of limited judicial powers to administrative tribunals carries with it the authority to decide questions that traditionally were decided by constitutional courts. See Department of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977).
Case decisions reveal a rather broad split of authority on whether administrative agencies should be held to have inherent power to rehear and vacate or modify final orders irrespective of the absence of statutes or rules so authorizing. See 2 Am. Jur.2d, Administrative Law, §§ 520, et seq. Recognizing a distinction between the power to correct clerical errors and the power to make substantive modification to an order, that treatise describes the various concerns as follows:
While there is no one general rule which, as a ring fence, will encompass all administrative tribunals in all situations in regard to their power to reconsider or modify their own decisions, determination as to the existence of the power is largely affected by the provisions of the governing statute, the nature of the agency’s determination, and the reason for the change in decision. Whenever a question concerning administrative or judicial reconsideration arises, two opposing policies immediately demand recognition: the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other hand. Each case requires a compromise.
Jje * # * $ >|e
Even apart from any statutory provision expressly authorizing modification, administrative determinations are subject to reconsideration and change where they have not passed beyond the control of the administrative agency, as where ... the powers and jurisdiction of the administrative agency are continuing in nature. While a proceeding is pending before a tribunal, there is no limit to the power of such tribunal to review any *503 rulings it may have made, or to permit a reargument upon any proposition involved. When the jurisdiction of the administrative agency has terminated, there is no longer any power to reconsider or change the determination, and even a statutory provision for continuing jurisdiction may be held to end when the matter is no longer pending before the agency.
2 Am.Jur.2d, Administrative Law § 522.
The question boils down to comparing and weighing the competing interests in achieving a just and fair disposition of the issues against the ever-present concern for reaching finality in litigation. The proper balance between these competing interests may generally be achieved by recognizing the agency’s inherent power to correct and vacate its erroneous order and permit a timely appeal from the new final order as amended if such agency action is taken before the agency loses jurisdiction of the Original order by reason of the filing of a notice of appeal or the expiration of some reasonable time limit. Allowing the amended final order to commence the time for appeal in such instances should not preclude the attachment of finality to the agency’s order with reasonable certainty.
. In other instances where a motion for rehearing does not toll the time for taking appeal due to the absence of a specific provision therefor by rule, we have applied the foregoing approach without difficulty. Thus, we have held in workers’ compensation cases that where the deputy commissioner’s original order was deemed withdrawn and vacated before an appeal had been taken, which would divest the deputy commissioner of jurisdiction to act, an amended final order entered pursuant to a request for rehearing that incorporated all portions of the original order not thereby changed would be treated as the final order from which an appeal on the merits could be-taken, even though the notice of appeal was filed more than thirty days after the filing of the original final order. Zahorian v. Department of Transportation, 436 So.2d 355 (Fla. 1st DCA 1983). I see no substantial reason why the same result should not obtain in the instant case based on the principle that when legislative authority to render a judgment is clearly present, there is inherent authority to correct an error in that judgment.
Here, appellant’s request by letter for a corrected order was sent to the Board well before the time for appeal expired, and the Board decided to correct the erroneous order previously entered by issuing a completely new amended final order. Since the amended order contained all provisions of the original order that were not changed, and again notified Dr. Taylor of his right to appeal that order within thirty days, it is not only reasonable, but incumbent on the court, to treat the original order as having been implicitly withdrawn and vacated by the Board. I recognize that in this case, unlike in Zahorian, the Board’s amended final order was not filed within thirty days of entry of the original final order, but I do not consider the presence of that fact in Zahorian to be a fatal or material distinction. The controlling consideration is whether the Board determined to vacate its earlier order before it lost jurisdiction to do so, not whether the agency filed the new final order as amended before expiration of the thirty-day period for appealing the original order. For instance, had the Board taken no action to correct its original order and filed no amended final order, Dr. Taylor would have been bound by his failure to notice an appeal within thirty days of the original June 26 order which remained outstanding. While we do not know from the record whether the board actually determined to withdraw its original order before the thirty days for taking an appeal expired on July 26, we do know that the Board did issue a new, correct order which was intended to supersede the original, and that its jurisdiction and power to correct its erroneous original order had not been lost by the filing of a notice of appeal. Therefore, I see no substantial reason for not permitting Dr. Taylor to appeal from the new final order, as corrected, in the absence of a showing on the record by DPR that the Board had lost jurisdiction to enter *504 the new order by failing to decide to vacate and withdraw the original order before the passage of the original thirty-day appeal period. An agency is presumed to have acted in accordance with the law until it is shown otherwise, and its orders on appeal are presumed to be correct. See generally 1 Fla.Jur.2d, Administrative Law, §§ 192, 193.[2]
In view of the timely request by Dr. Taylor, and the not unreasonable delay of two weeks beyond the original thirty-day appeal period in filing the amended order, the expressed concerns for reaching finality underlying the decision in Systems Management Associates should be held satisfied notwithstanding the lack of an express administrative rule authorizing motions for rehearing. Moreover, in that case the motion for rehearing was denied and no new or amended final order was ever issued; hence, the only appealable order was the original one, as to which the thirty-day period for appeal had long expired when the notice of appeal was filed. I do not suggest this fact is necessarily an appropriate basis for distinguishing the two cases, since a similar result would unfortunately, but necessarily, have followed in this case had the Board not determined conscientiously and fairly to correct its erroneous penalty by implicitly vacating its original order and issuing a new final order. But the Board’s course of action in this case, for which the Board members should be commended, gives testament to their sound sense of fair play, respect for principles of due process, and concern that justice be done.
Having been unable to persuade my colleagues not to apply the strict rule in Systems Management, but to apply the principles discussed herein, I urge certification of this issue to the Supreme Court as one of great public importance. This case is yet another instance among many showing the patent injustice that inevitably flows from an overly and unnecessarily strict construction of the administrative agency’s power to modify or amend its final orders so as to correct errors that, in turn, would not have to be raised on appeal. An adjudicatory system that compels a litigant to protect his appellate rights by immediately appealing a final order even though it does not conform with the agency’s announced intended decision, despite the agency’s willingness to correct some or all of its errors, not only adds unnecessarily to the appellate case load, but also deprives the administrative law system of essential concepts of fairness and due process so necessary to the public perception and acceptance of it.
For the reasons expressed, I would deny the motion to dismiss this appeal.

. In Byington, it was noted that a court, in the exercise of its general probate jurisdiction, may enter orders that modify or vacate prior final orders of probate, and "the absence of direct statutory authority upon the subject does not render the act extra-judicial." Ibid. The court further held:
The probate court has inherent power and jurisdiction to revoke probate decrees, notwithstanding that such decrees are considered to be in the nature of judgments in rem. That power may be exercised where justice clearly requires it.... In such instances courts have inherent power over their own process to prevent abuse, oppression and injustice and to protect their own jurisdiction.
168 So.2d at 171. The court also stated that the exercise of this inherent power in appropriate *502 cases is one of the duties usually pertaining to courts of probate within the meaning of section 7(3), article V, Florida Constitution (1885). Regarding the effect of its holding on finality, the court observed, “Admittedly the order binds and concludes the whole world — but only until it is revoked or otherwise overturned” by the court. Id. at 173.

. While I prefer to rely on the cited presumptions and allow the case to proceed on appeal, an alternative approach would be to remand for a factual determination of when the Board determined to supercede its original order.