**Debra S. RETHERFORD, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH
and American Telephone & Telegraph
(Self-Insured), Defendants.**

No. 870016–CA.

Court of Appeals of Utah.

June 22, 1987.

Phillip B. Shell, Day & Barney, Murray, for plaintiff.

Stuart L. Poelman, Salt Lake City, for defendant American Tel. & Tel.

Ralph Finlayson, Asst. Atty. Gen., for Industrial Com'n.

Before BENCH, BILLINGS and DAVIDSON, JJ. (On Law and Motion).

PER CURIAM:

This matter is before the Court on the Motion to Dismiss of defendant American Telephone and Telegraph (AT & T). AT & T seeks dismissal of plaintiff's petition for writ of review, contending that it was not timely filed under Utah Code Ann. § 35–1–83 (1986). We agree that the petition for review was not timely filed and dismiss the petition.

I.

Plaintiff Debra S. Retherford applied for workers' compensation benefits claiming she had suffered injuries from a compensable industrial accident. On October 21, 1986, an administrative law judge ordered the claim dismissed, with prejudice.[1] The plaintiff filed a Motion for Review on November 10, 1986.[2] On November 20, 1986,

---

1. At the time set for evidentiary hearing, defendant AT & T made a motion to dismiss plaintiff's claim for failure to state a compensable industrial accident. Plaintiff's theory was that she was subjected to unwanted sexual advances from a co-employee. The administrative law judge concluded that based on the legal argument and evidence in the file, plaintiff had not satisfied her burden of proving that she sustained an industrial accident.

2. Utah Code Ann. § 35–1–82.55 (1986) provides, in part, that a motion for review "must be filed within fifteen days of the date of any order of the administrative law judge or the commission unless further time is granted by the administrative law judge or commission within fifteen days, and unless so filed, said order shall become the award of the commission and shall be final." It thus appears that the motion for review filed on November 10, 1986 was not time-

the entire Industrial Commission adopted the administrative law judge's findings and conclusions and affirmed the dismissal of plaintiff's claim. On December 8, 1986, the plaintiff filed a Motion for Reconsideration of Denial of Motion to Review, which was also denied by the entire commission on December 19, 1986. On January 20, 1987, plaintiff filed a Petition for Writ of Review by this Court.

Defendant AT & T moved for summary disposition of plaintiff's petition for judicial review on grounds the petition was not timely, having been filed approximately sixty days after the Industrial Commission's Order of November 20, 1986. AT & T contends that the commission, having once disposed of the case on the merits, had no further jurisdiction over the matter. Accordingly, AT & T contends the motion for reconsideration could not operate to extend the time to petition for review by this Court. Plaintiff, on the other hand, argues that the statutory provisions governing the review of orders in workers' compensation cases, while not specifically authorizing a "motion for reconsideration", do not preclude such motions. Plaintiff thus contends that her petition for writ of review was timely because it was filed within thirty days after the commission's denial of the Motion for Reconsideration of Denial of Motion for Review.

## II.

The statutory provisions governing claims for workers' compensation benefits establish a detailed procedure for adminis-

trative and judicial review of orders of the Industrial Commission.[3] Hearings on an application for benefits may be held "before the commission sitting as administrative law judges or any administrative law judge of the commission, or any commissioner as chief administrative law judge", after which the commission or the administrative law judge shall make findings of fact and an order. Utah Code Ann. § 35–1–82.52 (1986). "The order of the administrative law judge shall be the final award of the commission unless a petition for review is filed as provided in 35–1–82.53." *Id.*

■ A party may initiate review of the order of an administrative law judge or the commission under Utah Code Ann. § 35–1–82.53 (1986), which provides:

(1) Any party in interest who is dissatisfied with the order entered by an administrative law judge or the commission may file a motion for review of such order. Upon the filing of a motion to review his order the administrative law judge may (a) reopen the case and enter a supplemental order ... or (b) amend or modify his prior order by a supplemental order; or (c) refer the entire case to the commission. If the administrative law judge makes a supplemental order, as provided above, it shall be final unless a motion to review the same shall be filed with the commission.

The foregoing section allows an administrative law judge the discretion to reopen the case and enter a supplemental order,

---

ly. Because neither party addresses the issue of timeliness of the motion for review, and the entire record is not before us, we presume, without ruling on the question, that the commission allowed additional time in which to file the motion for review. Our consideration is limited to the issue of whether the petition for writ of review was filed with this Court within the time period set forth in Utah Code Ann. § 35–1–83 (1986).

3. The present statutory provisions pertaining to appeals from awards of the Industrial Commission under the worker's compensation statutes were enacted in 1965. Former Utah Code Ann. § 35–1–82 (repealed 1965) provided:

Any party including the commission of finance to a proceeding before the commission

may, and before he can seek a review in the supreme court shall, within thirty days after written notice of its decision file an application before the commission for a rehearing of the matter.

The pre–1965 provisions further provided that an appeal to the Supreme Court was to be initiated "within thirty days after the notice that the application for a rehearing is denied, or, if the application is granted within thirty days after notice of the rendition of the decision on the rehearing." Utah Code Ann. § 35–1–83 (amended 1965). The 1965 amendments established the present review provisions of Utah Code Ann. §§ 35–1–82.51 through 35–1–82.56, and amended section 35–1–83 to be consistent with those provisions.

amend or modify the original order made pursuant to section 35–1–82.52, or refer the case to the entire commission for review. In this manner, an administrative law judge may correct any error or omission in the original order before review by the entire commission. If a supplemental order is entered by an administrative law judge, a motion for review of that order may be filed with the commission. Any motion for review of an original or supplemental order of an administrative law judge or an order of the commission sitting as administrative law judges must be filed within fifteen days of the date of the order unless an extension is granted within that fifteen day period by the commission or the administrative law judge. Utah Code Ann. § 35–1–82.55 (1986).

Utah Code Ann. § 35–1–82.54 (1986) describes the procedure for administrative review by the commission as follows:

> The commission, upon referral of a case to it by an administrative law judge, or upon a motion being filed with it to review its own order, or an administrative law judge's supplemental order, shall review the entire record made in said case, and, in its discretion, may hold further hearing and receive further evidence, and make findings of fact and enter its award thereon. The award of the commission shall be final unless set aside by the Supreme Court as hereinafter provided.[4]

Once the commission has disposed of the case pursuant to section 35–1–82.53, a party may seek judicial review pursuant to Utah Code Ann. § 35–1–83 (1986), which reads:

> Within 30 days after the commission has given notice of its award, provided a motion was previously filed in accordance with this act for review of the order or supplemental order upon which the award was based, any affected party, including the Division of Finance, may file an action in the Court of Appeals for review and determination of the lawfulness of the award.

III.

There is no case law specifically considering whether the provisions of Utah Code Ann. § 35–1–82.51 through § 35–1–82.55 allow a motion for reconsideration (or additional motions for review) once the Industrial Commission has rendered its decision on the merits pursuant to section 35–1–82.-54, and if so, whether filing of such a motion extends the time for filing a petition for review with this Court. Thus, the issues presented by defendant AT & T's motion are of first impression. Cases decided under the former statutes, however, establish principles regarding judicial review of orders in workers' compensation cases that are instructive in this case.

In *Ferguson v. Industrial Commission,* 63 Utah 112, 221 P. 1099 (1924), the Utah Supreme Court considered a situation analoguous to the present case. The Industrial Commission denied benefits to the claimant, and the claimant filed a timely petition for rehearing pursuant to Utah Code Ann. § 35–1–82 (repealed 1965), which was also denied. Approximately four months after the denial of the petition for rehearing, the claimant filed a second petition for rehearing, which the commission granted. After a hearing, the commission again dismissed the application. Within thirty days from the date of the order of the commission on the second petition for rehearing, the claimant applied to the Utah Supreme Court for a writ of review. The Court held:

> The first petition for rehearing having been denied on May 8, 1922, the jurisdiction of the Industrial Commission ceased. It was then incumbent upon the applicant to apply to this court for a writ of review or to abide by the decision.

221 P. at 1099. *See also Crippen v. Sunland Center,* 372 So.2d 63 (Fla.1979) (The time for filing a notice of certiorari was not tolled by filing of a motion for reconsideration or rehearing where such a motion was not authorized under the applicable rules of

---

**4.** Utah Code Ann. § 35–1–82.54 (1986) was not amended to reflect the transfer of jurisdiction over petitions for review of Industrial Commis-

sion orders to the Utah Court of Appeals as provided in Utah Code Ann. § 35–1–83 (1986).

procedure); *Chambers v. Industrial Commission*, 132 Ill.App.3d 891, 88 Ill.Dec. 183, 478 N.E.2d 498 (1985) (Where no statute authorized a motion for reconsideration or rehearing, the only recourse following entry of a final order was to file a writ of certiorari.)

■ The Utah Supreme Court reaffirmed the holding of the *Ferguson* case in *Kennecott Copper Corp. v. Industrial Commission*, 19 Utah 2d 158, 427 P.2d 952 (1967). In that case, the Industrial Commission entered an order on February 17, 1965 denying a claim for benefits. The claimant filed an application for a rehearing under former Utah Code Ann. § 35–1–82 (repealed 1965), which was denied on March 12, 1965. The claimant did not file a petition for writ of certiorari with the Utah Supreme Court under former Utah Code Ann. § 35–1–83 (amended 1965). On April 13, 1965, the commission rescinded its order of March 12 denying compensation and ordered a rehearing. The rehearing was held and, on December 14, 1965, the commission entered an order granting benefits to the claimant. Kennecott petitioned for judicial review contending that the commission did not have authority to make the award. The Court considered whether the commission, having denied the first petition for rehearing, could reopen the case and reverse its original order. The Utah Supreme Court concluded the holding in *Ferguson v. Industrial Commission* was dispositive, and held that the commission did not have jurisdiction to make the award of benefits having once determined the matter on the merits.[5]

■ The provisions for review of orders of the Industrial Commission in worker's compensation cases do not authorize motions for reconsideration or rehearing or additional motions to review beyond those motions authorized in Utah Code Ann. § 35–1–82.53 (1986).[6] The statutory review procedure provides adequate opportunity for correction of error by the commission, and establishes the point at which the proceedings before the commission are culminated. In addition, the Utah Supreme Court held in *Pease v. Industrial Commission*, 694 P.2d 613, 616 (Utah 1984) that in filing a motion for review under Utah Code Ann. § 35–1–82.53, a claimant has an obligation to raise all issues that can be presented at that time and those issues not

**5.** The Utah Supreme Court also held in the *Kennecott Copper Corporation* case that Utah Code Ann. § 35–1–78 (1986) did not grant the Industrial Commission jurisdiction to reverse its original order. That section provides, in relevant part: "The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified...." Case law construing section 35–1–78 has established that the continuing jurisdiction of the commission is applicable where there has been a change in the claimant's condition (an improvement or deterioration of physical condition) since the time of the commission's order, or where evidence has been discovered that was not available for consideration when the original order was made. *See Kennecott Copper Corp. v. Industrial Commission*, 19 Utah 2d 158, 427 P.2d 952, 953 (1967); *see also Mecham v. Industrial Commission*, 692 P.2d 783, 786 (Utah 1984); *Spencer v. Industrial Commission*, 4 Utah 2d 185, 290 P.2d 692, 694–95 (1955); *Salt Lake City v. Industrial Commission*, 61 Utah 514, 215 P. 1047, 1048 (Utah 1923). Because the commission's order in this case held that there was no compensable industrial accident, there is no issue as to which reopening

for a change in condition would apply. *See* 3 Larson, *Workmen's Compensation Law* § 81.-32(a) (In a reopening proceeding, neither party can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability.) At the time of oral argument, plaintiff's counsel represented that certain matters that could have been presented below were not advanced by plaintiff's previous counsel. We conclude that such an omission does not justify an exercise of the commission's continuing jurisdiction. *See also Pease v. Industrial Commission*, 694 P.2d 613, 616 (Utah 1984) (In filing a motion for review under Utah Code Ann. § 35–1–82.54, a person has an obligation to raise all issues that can be presented at that time and those issues not raised are waived.)

**6.** As alternative grounds for dismissal, AT & T contends that *Drury v. Lunceford*, 18 Utah 2d 74, 415 P.2d 662 (1966), in which the Utah Supreme Court held that no "motion for reconsideration" is allowed under the Rules of Civil Procedure, is dispositive of this matter. Because we conclude dismissal of the petition for review is required under the workers' compensation statutes, we find it unnecessary to address this argument.

raised are waived. It logically follows that the availability of a petition for rehearing should not be implied from the absence of any express prohibition in the statute, and we reject plaintiff's contention to that effect.

◼ The jurisdiction of the Industrial Commission over workers' compensation cases is fixed by statute, as is this Court's jurisdiction over judicial review of the Commission's orders. *See Schockmeyer v. Industrial Commission*, 23 Utah 2d 346, 463 P.2d 562 (Utah 1970); *see also* 3 Larson, *Workmen's Compensation Law*, § 80.52(a) (1986). Based upon our reading of the review provisions of Utah Code Ann. § 35–1–82.51 *et seq.* and case law under the former statutory provisions, we conclude that the commission had no jurisdiction to consider the Petition for Reconsideration of Denial of Motion to Review.[7] The time for filing a petition for writ of review with this Court began to run on November 20, 1986, the date of notice of the order of the commission disposing of the case on the merits.[8] No petition for writ of review was filed within thirty days of the date of notice of the order as required by Utah Code Ann. § 35–1–83 (1986). This Court is without jurisdiction to review the final order of the commission because plaintiff's petition for writ of review was not timely filed. Plaintiff's petition for writ of review is, accordingly, dismissed.

BENCH, BILLINGS and DAVIDSON, JJ., concur.

7. As in the *Ferguson* case, although the proceedings subsequent to November 20, 1986 were without authority, they did not change the result previously reached. 221 P. at 1099. The November 20, 1986 order is the final order of the commission for purposes of seeking judicial review.

8. Utah Code Ann. § 35–1–82.56 (1986) provides: "All parties in interest shall be given due notice of the entry of any administrative law judge's order or any order or award of the commission. The mailing of the copy of said order or award to the last known address shown in the files of the commission or any party in interest and to the attorneys or agents of record in the case, if any, shall be deemed to be notice of said order." The November 20, 1986 order reflects that it was mailed to plaintiff on the same date.