Roe B. RING, Petitioner,

v.

INDUSTRIAL COMMISSION, SECOND
INJURY FUND, Defendant.

No. 870335–CA.

Court of Appeals of Utah.

Oct. 22, 1987.

James R. Black, Wendy B. Mosely, Black
& Moore, Salt Lake City, for petitioner.

Erie Boorman, Administrator Second Injury Fund, Salt Lake City, for defendant.

MEMORANDUM DECISION

Before BILLINGS, DAVIDSON and
GARFF, JJ.

PER CURIAM:

In 1978, petitioner Roe B. Ring was determined to be permanently and totally disabled by a work-related accident. Subsequently, in 1987, he was awarded second injury fund benefits resulting from the 1978 determination. However, no attorney fees were allowed by the administrative law judge in conjunction with the 1987 award of permanent total benefits. Petitioner sought review by the Industrial Commission of the attorney fees issue, and, subsequently, appealed to this Court. We dismiss the appeal from the administrative action as untimely filed.

On May 1, 1987, petitioner filed his Motion for Review with the Industrial Commission, claiming that the administrative law judge improperly declined to award attorneys fees. On May 27th, the Industrial Commission's order denying review was entered and mailed to petitioner's attorney. The next day, before receiving notice that his motion had been denied, he mailed to the Commission a "Motion for Review Supplement", which was filed on May 29, 1987. The Industrial Commission treated this supplemental filing as a further motion for review and issued an order denying it on July 7, 1987. Petitioner thereafter appealed to this Court.

■ A decision of the Industrial Commission which finally disposes of a proper motion for review is a final order subject to review only by timely appeal to the Court of Appeals. Utah Code Ann. sections 35–

1–82.54 and 35–1–83 (1986).[1] *See Retherford v. Industrial Commission,* 739 P.2d 76 (Utah Ct.App.1987). In *Retherford,* we held that once the Commission has denied a motion for review, it has no further jurisdiction to consider motions which merely seek reconsideration of the denial. The time in which to appeal to this Court commences to run when the initial motion for review is denied. *Id.* at 79. Present statutory provisions regarding workers' compensation jurisdiction do not allow for subsequent motions to the Commission for review once it has disposed of a case on the merits. *Id.;* section 35–1–82.54.

▪ Petitioner seeks to avoid our decision in *Retherford* by arguing that his "Motion for Review Supplement" was not a request for reconsideration but, in reality, merely a supplement to his initial motion for review, which motion was denied before the supplement was filed. Whether the subsequent filing is viewed as a plea to reconsider or as a supplement to the initial motion for review, the appeal to this Court remains untimely filed from the denial of that initial motion.

▪ The Utah Supreme Court held in *Pease v. Industrial Commission,* 694 P.2d 613, 616 (Utah 1984) that in filing a motion for review under section 35–1–82.53, a claimant has an obligation to raise all issues that can be presented at that time. Those issues which are not raised are waived. Accordingly, the filing of material which purports to "supplement" a motion does not act to revive that motion after it has been denied by the adjudicating tribunal. Petitioner's motion for review was denied on May 27, 1987. Whether or not petitioner knew of the denial when his supplemental material was filed, he became aware of it when he was served a copy of the order by the Commission. He then knew, or should have known, that his mo-

tion had been denied and that the time for appeal had commenced to run under section 35–1–83. Further consideration or action by the Commission which is not permitted by statute will not toll the statutorily prescribed time for appeal. *Retherford,* at 79.

▪ Petitioner claims that his supplemental material constituted additional "evidence" under section 35–1–82.54 which, he argues, the Commission was required to hear and consider. The Commission may, in its discretion, receive additional evidence under section 35–1–82.54. It is not required to do so. It is required only to review the record as it was before the administrative law judge. Moreover, petitioner's "supplement" did not offer to place additional facts as evidence before the Commission. The material submitted was merely an attachment of a proposed ethical rule. It was not new factual evidence but only further legal authority supporting his legal argument that the fee award was improperly denied him.[2]

Petitioner also assails our decision in *Retherford,* 739 P.2d 76 (Utah Ct.App. 1987), as contrary to the established practice of the Industrial Commission and of claimants, and at odds with the policy of liberal construction of workers' compensation statutes. The issue is not one of the actual practice of the Industrial Commission, but one of jurisdiction as prescribed by the workers' compensation statutes. Section 35–1–82.55. The jurisdiction of the Industrial Commission is fixed by statute, as is the jurisdiction of this Court. We are bound by the statutory provisions regarding jurisdiction which are enacted by the legislature. *Thompson v. Jackson,* 743 P.2d 1230 (Utah Ct.App.1987).

Plaintiff argues that section 35–1–82.54 implicitly provides for reconsideration motions because the commission may "review its own order." However, that section

---

1. All statutory citations herein are to Utah Code Annotated (1986). Section 35–1–82.54 provides, in part: "The commission, upon referral of a case to it by an administrative law judge, or upon a motion being filed with it to review its own order, or an administrative law judge's supplemental order, shall review the entire record made in said case, and, in its discretion,

may hold further hearings and receive further evidence, and make findings of fact and enter its award thereon. The award of the commission shall be final...."

2. See section 35–1–88, which provides a non-exclusive list of examples of evidentiary matter admissible before the Commission.

more properly refers to the commission's power to hear a petition in the first instance without referring the matter to an administrative law judge. *See* section 35–1–82.52.

*Retherford* establishes a firm and definitive touchstone for determining when an appeal must be filed from a final award of the Industrial Commission. By analogy, the finality of the administrative award is no less ascertainable than the finality of a civil judgment after a proper post-judgment motion has been denied. *See e.g. Drury v. Lunceford*, 18 Utah 2d 74, 415 P.2d 662 (1966), *Burgers v. Maiben*, 652 P.2d 1320, 1322 (Utah 1982). Petitioner is entitled to "one bite of the apple" on review before the Industrial Commission.

That opportunity cannot be expanded into a multi-course buffet by such devices as reconsiderations or supplemental filings after a motion for review has been denied by the Commission. Accordingly the time for appeal to this Court expired on June 26th, 1987, thirty days after denial of the motion for review.

Petitioner's request for oral argument on the motion to dismiss is denied. The appeal herein, being untimely, is dismissed.